[844 NE2d 1145, 811 NYS2d 623]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANDRO LOPEZ, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YOLANDA BILLINGSLEA, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WINSTON NICHOLSON, Appellant.

Argued January 12, 2006; decided February 16, 2006

**POINTS OF COUNSEL**

*Center for Appellate Litigation,* New York City (*David J. Klem* and *Robert S. Dean* of counsel), for appellant in the first above-entitled action. The intermediate appellate courts retain a residuum of authority sua sponte, and in an extraordinary case, review the excessiveness of a sentence despite a valid waiver of the right to appeal. (*People v Delgado,* 80 NY2d 780; *People v Thompson,* 60 NY2d 513; *People v Pollenz,* 67 NY2d 264; *Waldo v Schmidt,* 200 NY 199; *People v Bourne,* 139 AD2d 210; *People v Coleman,* 30 NY2d 582; *People v Zuckerman,* 5 NY2d 401; *People v Speiser,* 277 NY 342; *People v Stevens,* 91 NY2d 270; *People v Farrell,* 85 NY2d 60.)

*Robert T. Johnson, District Attorney,* Bronx (*Jonathan Zucker* and *Joseph N. Ferdenzi* of counsel), for respondent in the first above-entitled action. Defendant's valid waiver of his right to appeal foreclosed his ability to raise an excessive sentence claim and the Court appropriately declined to review that claim in the interest of justice. (*People v Seaberg,* 74 NY2d 1; *People v Callahan,* 80 NY2d 273; *People v Hidalgo,* 91 NY2d 733; *People v Blakley,* 34 NY2d 311; *People v Campbell,* 97 NY2d 532; *People v Francabandera,* 33 NY2d 429; *People v Armlin,* 37 NY2d 167; *People v Lococo,* 92 NY2d 825; *People v Allen,* 82 NY2d 761; *People v Calvi,* 89 NY2d 868.)

*Lynn W.L. Fahey,* New York City, for appellant in the second above-entitled action. I. Appellant's waiver of her right to appeal was not knowing, intelligent, and voluntary, since the court told her the right to appeal existed only if she went to trial, and was automatically waived by pleading guilty. (*Johnson v Zerbst,* 304 US 458; *People v Callahan,* 80 NY2d 273; *People v Seaberg,*

74 NY2d 1; *Barker v Wingo,* 407 US 514; *People v Harris,* 61 NY2d 9; *People v Thomas,* 53 NY2d 338; *Carnley v Cochran,* 369 US 506; *People v Muniz,* 91 NY2d 570; *People v Williams,* 36 NY2d 829; *People v Calvi,* 89 NY2d 868.) II. The parties lack the power to deprive the Appellate Division of its interest of justice jurisdiction to modify a sentence as excessive. (*People v Thompson,* 60 NY2d 513; *People v Delgado,* 80 NY2d 780; *People v Hidalgo,* 91 NY2d 733; *People v Pride,* 3 NY2d 545; *People v Bleakley,* 69 NY2d 490; *People v Bourne,* 139 AD2d 210; *People v Miles,* 173 App Div 179; *People v Spagnolia,* 260 App Div 551; *People v Pollenz,* 67 NY2d 264; *People v Zuckerman,* 5 NY2d 401.)

*Charles J. Hynes, District Attorney,* Brooklyn (*Joyce Slevin* and *Leonard Joblove* of counsel), for respondent in the second above-entitled action. I. Defendant's claim that her waiver of the right to appeal was invalid is not preserved for this Court's review. In any event, the waiver was knowing, intelligent, and voluntary. (*People v Robinson,* 36 NY2d 224; *People v Lopez,* 71 NY2d 662; *People v Epps,* 255 AD2d 840; *People v Carmona,* 192 AD2d 446; *People v Conte,* 186 AD2d 579; *People v Nixon,* 21 NY2d 338, 393 US 1067; *People v Toxey,* 86 NY2d 725; *People v Johnson,* 82 NY2d 683; *People v Claudio,* 64 NY2d 858; *People v Pascale,* 48 NY2d 997.) II. Defendant's waiver of her right to appeal foreclosed appellate review of her excessive sentence claim by the Appellate Division. (*People v Pollenz,* 67 NY2d 264; *People v Thompson,* 60 NY2d 513; *People v Callahan,* 80 NY2d 273; *People v Muniz,* 91 NY2d 570; *People v Seaberg,* 74 NY2d 1; *People v Bourne,* 139 AD2d 210; *People v Burk,* 181 AD2d 74; *People v Discala,* 45 NY2d 38; *People v Thompson,* 60 NY2d 513; *People v Howe,* 56 NY2d 622.)

*Center for Appellate Litigation,* New York City (*Robert S. Dean* of counsel), for appellant in the third above-entitled action. I. The waiver of appellant's right to appeal cannot be considered knowing, intelligent, and voluntary when it was presented to him as something that happened automatically merely by virtue of the fact that he was pleading guilty. (*People v Seaberg,* 74 NY2d 1; *People v Williams,* 36 NY2d 829; *People v Callahan,* 80 NY2d 273; *People v Moissett,* 76 NY2d 909; *People v Bray,* 154 AD2d 692; *Johnson v Zerbst,* 304 US 458; *People v Pollenz,* 67 NY2d 264; *People v Hidalgo,* 91 NY2d 733; *People v Muniz,* 91 NY2d 570; *People v Thompson,* 60 NY2d 513.) II. The intermediate appellate courts retain a residuum of authority, in extraordinary cases, to review the excessiveness of a sentence

despite a valid waiver of the right to appeal. (*People v Delgado,* 80 NY2d 780; *People v Thompson,* 60 NY2d 513; *People v Pollenz,* 67 NY2d 264; *Waldo v Schmidt,* 200 NY 199; *People v Bourne,* 139 AD2d 210; *People v Miles,* 173 App Div 179; *People v Coleman,* 30 NY2d 582; *People v Zuckerman,* 5 NY2d 401; *People v Stevens,* 91 NY2d 270; *People v Farrell,* 85 NY2d 60.)

*Robert T. Johnson, District Attorney,* Bronx (*Jennifer Marinaccio* and *Joseph N. Ferdenzi* of counsel), for respondent in the third above-entitled action. I. Defendant knowingly, intelligently, and voluntarily waived his right to appeal. (*People v Seaberg,* 74 NY2d 1; *People v Moissett,* 76 NY2d 909; *People v Hidalgo,* 91 NY2d 733; *People v Moyett,* 22 AD3d 114; *People v Pollenz,* 67 NY2d 264.) II. Defendant's valid waiver of his right to appeal, part of a bargained-for plea agreement, forecloses him from seeking review of the agreed-upon sentence as harsh and excessive in the interest of justice. (*People v Callahan,* 80 NY2d 273; *People Seaberg,* 74 NY2d 1; *People v Pollenz,* 67 NY2d 264; *People v. Miles,* 61 NY2d 635; *People v Discala,* 45 NY2d 38; *People v Blakley,* 34 NY2d 311; *People v Campbell,* 97 NY2d 532; *People v Francabandera,* 33 NY2d 429; *People v Armlin,* 37 NY2d 167; *People v Allen,* 82 NY2d 761.)

*Legal Aid Society of New York, Criminal Appeals Bureau,* New York City (*Steven Banks* and *Laura R. Johnson* of counsel), amicus curiae in the third above-entitled action. Given the increasingly prevalent prosecutorial and/or judicial insistence upon pro forma, nonnegotiable appeal waivers as the "price" of a guilty plea resolution, the perfunctory waiver obtained in the case before the Court should be deemed unenforceable and this Court should hold, for policy as well as statutory reasons, that the Appellate Division departments retain interest-of-justice jurisdiction to review unjustly harsh sentences despite a waiver of appeal. (*People v Seaberg,* 74 NY2d 1; *People v DeSimone,* 80 NY2d 273; *People v Holman,* 89 NY2d 876; *People v Moyett,* 22 AD3d 114.)

*Richard A. Brown, District Attorney,* Kew Gardens (*Gary S. Fidel* and *John M. Castellano* of counsel), amicus curiae in the third above-entitled action. The plea court properly ensured defendant's knowing waiver of his right to appeal, and the Appellate Division properly declined to address the excessive sentence issue based on the waiver. (*People v Seaberg,* 74 NY2d 1; *People v Callahan,* 80 NY2d 273; *People v Moissett,* 76 NY2d 909; *People v Allen,* 82 NY2d 761; *People v Hidalgo,* 91 NY2d

733; *People v Muniz,* 91 NY2d 570; *People v Avery,* 85 NY2d 503; *People v Outley,* 80 NY2d 702; *People v Vargas,* 88 NY2d 363; *People v Harris,* 98 NY2d 452.)

**OPINION OF THE COURT**

Chief Judge KAYE.

Can a criminal defendant who has validly waived the right to appeal nonetheless ask the Appellate Division to exercise its interest-of-justice jurisdiction to reduce a sentence? We answer that question in the negative, though in so doing we underscore the critical nature of a court's colloquy with a defendant explaining the right relinquished by an appeal waiver.

### People v Lopez

Following arrest and indictment for possession and sale of a controlled substance in or near school grounds, defendant Lopez pleaded guilty to a reduced charge. In exchange for this plea, the court promised to impose a sentence of imprisonment of 2½ to 5 years. At the time of the plea, defendant waived his right to appeal on the record, both verbally and in writing. Despite this waiver, on January 14, 2004, defendant, acting pro se, filed a timely notice of appeal, noting only that he would appeal the "conviction and/or sentence." After appointment by the Appellate Division, appellate counsel argued that the Court should reduce defendant's sentence in the interest of justice despite his waiver of the right to appeal.

The Appellate Division affirmed with respect to defendant's sentence, holding that "[d]efendant's valid waiver of his right to appeal encompassed his excessive sentence claim and thus forecloses interest of justice review. In any event, were we to find that defendant did not validly waive his right to appeal, we would perceive no basis for reducing the sentence" (16 AD3d 258, 258 [1st Dept 2005] [citation omitted]). On defendant's appeal of the excessive sentence issue, we now affirm the Appellate Division's conclusion.

### People v Billingslea

Defendant Billingslea, after suffering a psychotic episode, repeatedly stabbed both her best friend and her seven-year-old daughter, killing the child. Indicted for three counts of murder in the second degree and one count of attempted murder in the second degree—along with lesser crimes—defendant pleaded guilty to manslaughter in the first degree in satisfaction of all

charges and was sentenced to the agreed-upon prison term of 15 years.

During the plea allocution, the court asked defendant a series of questions concerning facts surrounding the homicide and whether she understood that by pleading guilty she was giving up the rights attendant to a criminal trial. After defendant responded "Yes," the court then said to her, "And last, if you went to trial and were convicted, you would have what is known as the right of appeal. That means that a group of judges would review everything done in this case to make sure your rights have been protected, but when you plead guilty you waive your right of appeal." Defendant again replied "Yes" when asked if she understood.

After defendant filed an appeal requesting a reduction of her sentence in the interest of justice, the Appellate Division affirmed her conviction and sentence stating, "The record demonstrates that the defendant knowingly, intelligently, and voluntarily waived her right to appeal, which included any challenge to her sentence, which was imposed pursuant to a negotiated plea agreement" (16 AD3d 516, 516 [2d Dept 2005]). Concluding that defendant's waiver was not adequately informed, we now reverse and remit to the Appellate Division to consider defendant's excessive sentence claim.

### People v Nicholson

Defendant Nicholson was charged with attempted murder in the second degree as well as five related charges arising out of a 1999 knife fight with a rival gang member. In exchange for a promised prison sentence of eight years, defendant pleaded guilty. As part of his plea colloquy, and following an explanation of the trial rights forfeited by virtue of a guilty plea, the court said to defendant, "You also understand you're giving up your right to appeal, that is, to take to a higher court than this one any of the legal issues connected with this case? You understand that?" Defendant answered "Yes." One month later, prior to sentencing, the court reiterated, "[d]efendant is waiving his right to appeal in this matter." Defendant raised no objection to that statement. Both the court and the court clerk noted in the record that defendant waived his right to appeal. Like defendant Billingslea, Nicholson did not execute a written appeal waiver.

On his appeal to the Appellate Division, defendant argued that the appeal waiver, as explained to him, was invalid and

that, even if the waiver was valid, the Appellate Division maintained its interest-of-justice authority to review what he believed was an excessive sentence. The Appellate Division concluded that the "valid waiver of [defendant's] right to appeal encompassed his present claim that his agreed-upon sentence is excessive and forecloses interest of justice review of that claim. In any event, were we to find that review was not precluded, we would perceive no basis for reducing the sentence" (15 AD3d 237, 237-238 [1st Dept 2005] [citations omitted]). We agree that the waiver was valid and therefore affirm.

I.

■ A defendant's valid waiver of the right to appeal includes waiver of the right to invoke the Appellate Division's interest-of-justice jurisdiction to reduce the sentence.*

In *People v Seaberg* (74 NY2d 1, 10 [1989]) this Court recognized the enforceability of guilty pleas conditioned on a defendant's waiver of the right to appeal. While certain claims remain outside the ambit of a valid appeal waiver—for example, legality of a sentence (*see People v Callahan*, 80 NY2d 273, 280 [1992]), challenge to a defendant's competency (*see Seaberg*, 74 NY2d at 9) and a constitutional speedy trial claim (*see id.*; *see also People v Campbell*, 97 NY2d 532, 535 [2002])—generally, an appeal waiver will encompass any issue that does not involve a right of constitutional dimension going to "the very heart of the process" (*People v Hansen*, 95 NY2d 227, 230 [2000]). Indeed, an appeal waiver made as a condition of a plea arrangement facilitates the desirable objective of prompt, effective resolution of criminal litigation.

By waiving the right to appeal in connection with a negotiated plea and sentence, a defendant agrees to end the proceedings entirely at the time of sentencing and to accept as reasonable the sentence imposed. While the Appellate Division may be divested of its unique interest-of-justice jurisdiction only by constitutional amendment (*see People v Pollenz*, 67 NY2d 264, 267-268 [1986]), a defendant is free to relinquish the right to invoke that authority and indeed does so by validly waiving the right to appeal.

A defendant may not subsequently eviscerate that bargain by asking an appellate court to reduce the sentence in the interest

---

* We emphasize that only the right to appeal harsh or excessive sentence is at issue in these cases. There is, moreover, no question of plea withdrawal.

of justice—realistically an issue that as a practical matter is brought to an appellate court's attention only when raised by defendants. The important goals of fairness and finality in criminal matters are accomplished only insofar as the parties are confident that the " 'carefully orchestrated bargain' " of an agreed-upon sentence will not be disturbed as a discretionary matter (*Seaberg*, 74 NY2d at 10, quoting *People v Prescott*, 66 NY2d 216, 220 [1985]).

We therefore conclude that when a defendant enters into a guilty plea that includes a valid waiver of the right to appeal, that waiver includes any challenge to the severity of the sentence. By pleading guilty and waiving the right to appeal, a defendant has forgone review of the terms of the plea, including harshness or excessiveness of the sentence.

## II.

Because only a few reviewable issues survive a valid appeal waiver, it is all the more important for trial courts to ensure that defendants understand what they are surrendering when they waive the right to appeal. Giving up the right to appeal is not a perfunctory step.

A waiver of the right to appeal is effective only so long as the record demonstrates that it was made knowingly, intelligently and voluntarily (*see People v Calvi*, 89 NY2d 868, 871 [1996]). And though a trial court need not engage in any particular litany when apprising a defendant pleading guilty of the individual rights abandoned, it must make certain that a defendant's understanding of the terms and conditions of a plea agreement is evident on the face of the record (*People v Callahan*, 80 NY2d at 280).

When a trial court characterizes an appeal as one of the many rights automatically extinguished upon entry of a guilty plea, a reviewing court cannot be certain that the defendant comprehended the nature of the waiver of appellate rights. The record must establish that the defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty—the right to remain silent, the right to confront one's accusers and the right to a jury trial, for example.

Forfeiture of certain claims occurs by operation of law as a consequence of a guilty plea, with respect to issues that do not survive the plea. Waiver, on the other hand, occurs when a de-

fendant intentionally and voluntarily relinquishes or abandons a known right that would otherwise survive a guilty plea (*People v Hansen*, 95 NY2d at 230 n 1). When a trial court inaccurately employs the language of forfeiture in a situation of waiver, it has mischaracterized the nature of the right a defendant was being asked to cede.

In *People v Billingslea* we conclude that the record does not demonstrate that defendant understood she was relinquishing a known right and that her waiver was thus invalid. During the colloquy, the trial court explained to defendant that "when you plead guilty you waive your right of appeal." This misleading statement, when accompanied by nothing other than defendant's one-word response to the question whether she understood the conditions of her plea, is not sufficient to guarantee that defendant understood the valued right she was relinquishing. Because her appeal waiver was invalid, defendant is thus entitled to review of whether her sentence was excessive.

In *People v Nicholson*, on the other hand, the trial court engaged in a fuller colloquy, describing the nature of the right being waived without lumping that right into the panoply of trial rights automatically forfeited upon pleading guilty and eliciting agreements of understanding from the defendant on multiple occasions. A better practice might have been to explain to defendant that though he ordinarily retains the right to an appeal even after pleading guilty, in this case he was being offered a particular plea by the prosecution on the condition that he give up that right. It would be even better to secure a written waiver including such explanation (as in *Lopez*). The record is, however, sufficient to satisfy this Court that defendant knowingly and intelligently waived his right to appeal.

Accordingly, the orders in *People v Lopez* and *People v Nicholson* should be affirmed, and the order in *People v Billingslea* should be reversed and the case remitted to the Appellate Division for consideration of the excessive sentencing issue.

G.B. Smith, J. (concurring in result). I concur in the Court's conclusion that the orders in *People v Lopez* and *People v Nicholson* should be affirmed, and that the order in *People v Billingslea* should be reversed and the case remitted so that the Appellate Division can hear defendant Billingslea's excessive sentence claim. I write separately because I disagree with the Court's holding that when a defendant enters into a negotiated

guilty plea that includes, as a condition to the plea, a valid waiver of defendant's right to appeal, "that waiver includes any challenge to the severity of the sentence" (majority op at 256) and thereby prevents a defendant from asking the Appellate Division to exercise its interest-of-justice jurisdiction to review and reduce a legal, but unduly harsh or severe sentence.[1] The Court's holding does not recognize the importance of the following facts: (1) the Appellate Division's interest-of-justice jurisdiction to reduce a sentence is derived from the New York State Constitution; (2) this jurisdiction can only be curtailed by constitutional amendment; and (3) the issue of sentence reduction in the interest of justice can, as a practical matter, only be raised by defendants. Thus, by concluding that a defendant who enters a negotiated plea with a valid waiver of appeal is barred from invoking the Appellate Division's interest-of-justice jurisdiction to review and reduce legal sentences that are unduly harsh, severe or excessive, this Court has fashioned a rule under which a defendant can, through a valid waiver of appeal, and the prosecution can, by agreeing to a plea only if defendant waives the right to appeal, divest the Appellate Division of its power to exercise interest-of-justice jurisdiction to review and reduce sentences. Such a conclusion is in direct contravention of article VI, § 4 (k) of the New York State Constitution.

## Facts

In the cases at bar, each defendant entered a guilty plea. As part of their respective guilty pleas, defendants Lopez and Nicholson validly waived the right to appeal, i.e., the waiver of the right was made knowingly, intelligently and voluntarily. In the case of defendant Billingslea, however, the plea-taking court mistakenly ruled that the waiver of the right to appeal was automatic when it stated that "when you plead guilty you waive your right of appeal." Moreover, the record did not establish that defendant Billingslea waived the right to appeal. Accordingly, the guilty plea of defendant Billingslea did not include a knowing, intelligent and voluntary (i.e., valid) waiver of the right to appeal. Nonetheless, in all three cases, the Appellate Division found that each guilty plea included a valid waiver of the right to appeal and that the Appellate Division's interest-of-justice jurisdiction to review and reduce sentences was fore-

---

1. The only interest-of-justice power at issue here is the power of the Appellate Division to review and reduce a legal, but unduly harsh, severe or excessive sentence.

closed. Further, in both *People v Lopez* and *People v Nicholson*, the Appellate Division perceived no basis for reducing the respective sentences of the defendants.

This Court now rules that a criminal defendant who has validly waived the right to appeal cannot ask the Appellate Division to exercise its interest-of-justice jurisdiction to reduce a sentence. Applying this rule to *People v Lopez* and *People v Nicholson*, the Court affirmed the judgments and sentences imposed against defendants Lopez and Nicholson. However, because defendant Billingslea did not validly waive the right to appeal, the above-stated rule is inapplicable to *People v Billingslea* and the Court reverses the Appellate Division and remits the case for consideration of the excessive sentence issue.

## Discussion

Under article VI, §§ 1 and 2 of the 1894 New York State Constitution, the Appellate Division of the Supreme Court of New York was created. The purpose of the Appellate Division was to exercise appellate jurisdiction over: (1) the Trial and Special Terms of the Supreme Court of New York; and (2) any lower courts established by the Legislature (*see Waldo v Schmidt*, 200 NY 199, 202 [1910]). Put differently, the Appellate Division was vested with "all the jurisdiction previously exercised by the General Term [of the Supreme Court]" (*People v Pollenz*, 67 NY2d 264, 268 [1986]).[2]

Applicable to criminal appeals only, the Appellate Division's interest-of-justice jurisdiction to reduce a sentence which it finds unduly harsh, severe or excessive has long been recognized in this state (*see People v Thompson*, 60 NY2d 513, 520 [1983]). This sentence-review/reduction jurisdiction "was originally exercised as an inherent power" (*Thompson*, 60 NY2d at 520, citing *People v Miles*, 173 App Div 179, 183-184 [3d Dept 1916]). The *Miles* court said that: (1) Supreme Court's power to hand

2. In 1925, article VI, § 2 was amended and the Appellate Division was vested with "such original or appellate jurisdiction as is now or may hereafter be prescribed by law" (*see also Pollenz*, 67 NY2d at 268). Regarding the 1925 amendment to article VI, § 2, this Court stated that it: (1) was " 'influenced by a desire to preserve the jurisdiction of the Appellate Divisions as broadly as it was then constituted' (9 New York Constitutional Convention of 1938, Problems Relating to Judicial Administration and Organization, at 97 [Poletti ed])"; and (2) "was regarded as prohibiting the Legislature from reducing the jurisdiction of the Appellate Division in any way (1957 Report of Temporary Commission on the Courts, 1957 McKinney's Session Laws of NY, at 1576)" (*id.*).

down sentences was inherently subject to Appellate Division review; and (2) "any determination of a trial judge or justice which is unjust in its relation to the crime of which the defendant stands convicted is within the power of the [Appellate Division of the] Supreme Court to correct" (*Miles*, 173 App Div at 185). Further, this interest-of-justice jurisdiction was expressly codified in section 543 of the old Code of Criminal Procedure (*see Thompson*, 60 NY2d at 520). With the adoption of article VI, § 4 (k) of the New York State Constitution, the Appellate Division's power to review and reduce sentences was deemed "constitutionalized."[3]

Article VI, § 4 (k) of the New York State Constitution provides as follows:

> "The appellate divisions of the supreme court shall have all the jurisdiction possessed by them on the effective date of this article and such additional jurisdiction as may be prescribed by law, provided, however, that the right to appeal to the appellate divisions from a judgment or order which does not finally determine an action or special proceeding may be limited or conditioned by law."[4]

In other words, article VI, § 4 (k) granted the Appellate Divisions all the jurisdiction possessed by them by statute as of September 1, 1962 (e.g., the power to review and reduce criminal sentences pursuant to Code of Criminal Procedure § 543). The provision further allows for the expansion of Appellate Division jurisdiction pursuant to: (1) constitutional amendment made after September 1, 1962; and (2) legislative enactments made after September 1, 1962 (e.g., CPL 470.15, 470.20) (*Pollenz*, 67 NY2d at 268).[5] The Legislature may expand Appellate Division jurisdiction; however, with regard to appeals from final

---

**3.** This constitutional provision "was intended to render inapplicable the general rule that the right to appellate review is purely statutory" (*Pollenz*, 67 NY2d at 269).

**4.** The effective date of article VI, § 4 (k) was September 1, 1962 (*see*, NY Const, art VI, § 37). "On [September 1, 1962], the Appellate Division was obliged to entertain all appeals from final judgments in criminal cases, including those rendered upon guilty pleas imposing negotiated sentences" (*Pollenz*, 67 NY2d at 268 [citations omitted]).

**5.** Although the Code of Criminal Procedure was replaced when the Legislature adopted the current Criminal Procedure Law which became effective in 1971, the interest-of-justice power to review and reduce sentences codified in section 543 of the Code of Criminal Procedure was provided for, without substantive change, in the new CPL (*see* CPL 470.15 [6] [b]; 470.20 [6]; *see also Thompson*, 60 NY2d at 520).

orders, the Legislature may not contract or place conditions on Appellate Division interest-of-justice jurisdiction (*Pollenz*, 67 NY2d at 268). The only way that the Appellate Division may be divested of this power to review and reduce sentences is through constitutional amendment (*id.*).

The Court contends that "[a] defendant's valid waiver of the right to appeal includes waiver of the right to invoke the Appellate Division's interest-of-justice jurisdiction to reduce the sentence" (majority op at 255). This position, in effect, precludes the Appellate Division from exercising its interest-of-justice jurisdiction.

In *People v Seaberg* (74 NY2d 1, 5 [1989]), this Court held that "the right to appeal may be waived as a condition of a sentence or plea bargain." In support of this holding, the Court stated:

> "The right to appeal a validly imposed sentence does not . . . implicate society's interest in the integrity of criminal process, however, and to the extent that it does, that interest is protected by the procedural and substantive requirements imposed on the Trial Judge before the defendant may be sentenced . . . .

> "Whatever benefits review may provide, they are not sufficiently compelling to warrant permitting a defendant to repudiate an agreement of an individualized sentence knowingly and voluntarily accepted. . . .

> "[S]uch waivers do not interfere with the interest of justice jurisdiction of the Appellate Division (*see, People v Bourne*, 139 AD2d 210, *lv denied* 72 NY2d 955). The analogy is to *People v Pollenz* (*supra*) which involved a legislative attempt to limit the Appellate Division's jurisdiction. A defendant's decision to waive appeal does not interfere with the

Under CPL 470.15 (6) (b), the Appellate Division may reverse or modify a sentence on appeal from a conviction where the Court concludes that the "sentence, though legal, was unduly harsh or severe" (CPL 470.15 [6] [b]). The Appellate Division may, in its discretion and without deference to the sentencing court, exercise this sentence-review power if the interest of justice warrants (*id.*; *see People v Delgado*, 80 NY2d 780, 783 [1992]). "Upon modifying a judgment or reversing a sentence as a matter of discretion in the interest of justice upon the ground that the sentence is unduly harsh or severe, the court must itself impose some legally authorized lesser sentence" (CPL 470.20 [6]).

court's jurisdiction, however; it is simply a decision not to invoke the court's review power. By pleading guilty a defendant forecloses the appellate court from reviewing the merits of the plea bargain in the interest of justice and there is nothing inherently wrong in a defendant similarly electing to foreclose review of a negotiated sentence" (*Seaberg*, 74 NY2d at 9-10 [citations omitted]).

The Court further concluded:

"[T]he public interest concerns underlying plea bargains generally are served by enforcing waivers of the right to appeal. Indeed, such waivers advance that interest, for the State's legitimate interest in finality extends to the sentence itself and to holding defendants to bargains they have made. . . . [Moreover], the negotiating process serves little purpose if the terms of 'a carefully orchestrated bargain' can subsequently be challenged. . . . The validity of the waiver is supported by the interests supporting plea bargains generally. Accordingly, we find no public policy precluding defendants from waiving their rights to appeal as a condition of the plea and sentence bargains" (*id.* at 10 [citation omitted]).

*People v Seaberg*, and the Court's opinion herein, vigorously stress the importance of holding defendant to the plea and sentence bargain he or she made with the People in order to accomplish the goals of fairness and finality. *Seaberg* also recognizes the importance of the trial judge's role in ensuring the reasonableness of the bargain struck and the sentence imposed. Moreover, the *Seaberg* court states that appeal waivers do not affect the Appellate Division's interest-of-justice jurisdiction and suggests that a defendant may foreclose or prevent the Appellate Division from exercising this jurisdiction.

It must be noted that neither the need to hold a defendant to a bargain nor the trial judge's role to ensure a reasonable plea and sentence forecloses the exercise of the Appellate Division's interest-of-justice jurisdiction to review and reduce sentences.[6] As noted above, the Appellate Division's long-standing power to review and reduce criminal sentences in the interest of justice was first an inherent power which subsequently became consti-

---

**6.** Similarly, the court's colloquy regarding a defendant's appeal waiver is immaterial in the face of this Appellate Division power.

tutionalized.[7] For the Appellate Division to exercise the power, a defendant must claim that his or her sentence was unduly harsh, severe or excessive. If, pursuant to a plea and sentence bargain, a defendant is barred from invoking the Appellate Division's interest-of-justice power to review and reduce sentences, this is a divestiture of the Appellate Division's power with regard to that defendant and a violation of article VI, § 4 (k) of the New York State Constitution.

Certainly, it is within the public's best interest to hold parties to the promises they have made and to have courts that fairly and expeditiously resolve criminal matters.[8] However, in the case at bar, the importance of holding a defendant to a bargain, and all that flows from adherence to that bargain, must be weighed against: (1) the Appellate Division's long-standing and constitutionalized interest-of-justice power to review and reduce sentences; and (2) the possibility that an unduly harsh, severe or excessive sentence will be imposed despite bargaining and the efforts of the trial or plea-taking judge to ensure a reasonable plea and sentence. Put another way, where a defendant enters a plea and sentence bargain that happens to include an unjust (i.e., unduly harsh, severe or excessive) sentence, the Appellate Division, through the exercise of its unique interest-of-justice sentence review/reduction power, should be able to rectify the problem and render a just result. The fact of the matter is that New York State's laws are rooted in justice and where justice is not done, despite the existing law, courts must act to achieve it. New York State does not have an interest in preserving an unduly harsh, severe or excessive sentence just for the sake of holding a defendant to the bargain. Such a result does not achieve justice. It incorrectly places greater importance on adhering to form regarding the disposition of a case, rather than the merits regarding the actual sentence imposed.

## Conclusion

The foregoing discussion regarding the Appellate Division's power to review and reduce legal, but unduly harsh, severe or

---

**7.** Because this Appellate Division power derives from the State's Constitution and can only be limited by constitutional amendment (*see Pollenz*, 67 NY2d at 268), the suggestion made in *Seaberg* that a defendant can foreclose (i.e., prevent) the Appellate Division from exercising this power is incorrect.

**8.** As noted in *Seaberg*, "the final and prompt conclusion of litigation is an important goal of public policy in criminal as well as civil litigation, provided always that the settlement is fair, free from oppressiveness, and sensitive to the interests of both the accused and the People" (*Seaberg*, 74 NY2d at 8).

excessive sentences in the interest of justice, including the historical review of the power (i.e., this inherent power was first codified in the old Code of Criminal Procedure and then specifically provided for in the New York State Constitution), makes clear that the Appellate Division may *always* exercise this power regardless of whether a sentence is imposed after the rendering of a jury verdict or after a plea and sentence bargain, even one including a valid waiver of the right to appeal. Accordingly, the rule that the Court should apply in deciding these cases is as follows: where a defendant who enters a plea and sentence bargain validly waives the right to appeal, that defendant may invoke the Appellate Division's interest-of-justice jurisdiction to review and reduce a legal, but unduly harsh, severe or excessive sentence; however, the Appellate Division may or may not, within its discretion, reach defendant's excessive sentence claim (*see e.g.*, *People v Allen*, 82 NY2d 761 [1993]; *People v Bourne*, 139 AD2d 210 [1st Dept 1988]).

Judges CIPARICK, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur with Chief Judge KAYE; Judge G.B. SMITH concurs in result in a separate opinion.

In *People v Lopez* and *People v Nicholson:* Order affirmed.

In *People v Billingslea:* Order reversed and case remitted to the Appellate Division, Second Department, for consideration of the excessive sentencing issue.