■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE QUEZADA, Appellant. [832 NYS2d 803]—Judgment, Supreme Court, New York County (Charles J. Tejada, J., at hearing; Micki A. Scherer, J., at plea and sentence), rendered June 23, 2004, convicting defendant of manslaughter in the first degree, and sentencing him to a term of 7 to 21 years, unanimously affirmed.

Defendant made valid written and oral waivers of his right to appeal (*see People v Ramos*, 7 NY3d 737 [2006]; *People v Lopez*, 6 NY3d 248 [2006]), which foreclose his suppression and excessive sentence claims. The court did not conflate the right to appeal with the rights automatically forfeited by pleading guilty. In any event, were we to find that defendant did not make a valid waiver of his right to appeal, we would find that the court properly denied defendant's suppression motion and that there is no basis for reducing the sentence. Concur—Andrias, J.P., Saxe, Marlow, Nardelli and Williams, JJ.

■ ROBIN WEINTRAUB, Appellant, v GREY DIRECT, INC., Respondent. [832 NYS2d 803]—Order, Supreme Court, New York County (Faviola A. Soto, J.), entered March 6, 2006, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Summary judgment was properly granted based upon the clear and unambiguous agreement pursuant to which plaintiff was employed by defendant (*see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]). Contrary to plaintiff's claims, the agreement did not preclude her reassignment and her reassignment did not constitute a constructive discharge.

We have considered plaintiff's remaining arguments and find them without merit. Concur—Andrias, J.P., Saxe, Marlow, Nardelli and Williams, JJ.