■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTY HODGES, Also Known as WILLIAM JOHNSON, Appellant. [848 NYS2d 644]—Judgments, Supreme Court, Bronx County (Albert Lorenzo, J., at pleas; Seth L. Marvin, J., at sentence), rendered December 2, 2005, as amended April 26, 2007, convicting defendant of two counts of criminal sale of a controlled substance, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years and 3½ years, respectively, unanimously modified, on the law, to the extent of vacating the DNA databank fee with respect to indictment 2705/03, and otherwise affirmed.

Under the 2003 indictment, defendant received the minimum sentence permitted by law. On appeal, he asks this Court to reduce that conviction to a lesser offense and impose a lesser sentence. In the first place, defendant made a valid waiver of his right to appeal (*see People v Ramos*, 7 NY3d 737 [2006]; *People v Lopez*, 6 NY3d 248 [2006]), which forecloses that argument. In any event, we perceive no basis upon which to reduce defendant's conviction to a lesser offense, since "we do not consider it appropriate to do so for the purpose of granting dispensations from mandatory sentencing statutes" (*People v Velasquez*, 25 AD3d 501 [2006], *lv denied* 6 NY3d 854 [2006]). Moreover, defendant is not deserving of a lesser sentence.

As the People concede with respect to the 2003 indictment, since the crime was committed prior to the effective date of the legislation (Penal Law § 60.35 [1] [a] [v] [former (1) (e)]), providing for the imposition of a DNA databank fee, that fee should not have been imposed. Concur—Tom, J.P., Friedman, Nardelli and Catterson, JJ.