■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR FALU, Appellant. [850 NYS2d 457]—

Judgment, Supreme Court, Bronx County (Efrain Alvarado, J., at plea; John P. Collins, J., at sentence), rendered November 14, 2005, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously modified, on the law, to the extent of vacating the DNA databank fee, and otherwise affirmed.

Initially, we find that defendant did not make a valid waiver of his right to appeal, since the court did not distinguish the appeal waiver from the rights automatically waived by the guilty plea, and effectively conflated them (*see People v Lopez,* 6 NY3d 248, 256-257 [2006]).

As to the merits, we conclude that a preponderance of the evidence presented at the hearing on the extent of defendant's compliance with his plea agreement (*see Torres v Berbary,* 340 F3d 63 [2d Cir 2003]) supports the court's finding that defendant violated the agreement by leaving a drug rehabilitation facility without permission. Although defendant left pursuant to the facility's directive, without being formally discharged, the evidence supports the court's conclusion that his departure was nevertheless voluntary where defendant, who had already been discharged from two prior facilities, adamantly refused to remain in the program at issue. Defendant's behavior amounted to leaving without permission, regardless of the precise mecha-

nism by which he left, and thus failed to satisfy the plea condition that he successfully complete drug treatment. We have considered and rejected defendant's remaining arguments concerning the hearing.

As the People concede, since the crime was committed prior to the effective date of the legislation providing for the imposition of a DNA databank fee, that fee should not have been imposed. Concur—Mazzarelli, J.P., Saxe, Friedman, Catterson and Acosta, JJ.