■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OLIN BONNER, Appellant. [854 NYS2d 904]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Crecca, J.), rendered September 29, 2006, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The record "establishe[s] that the defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty—the right to remain silent, the right to confront one's accusers and the right to a jury trial, for example" (*People v Lopez,* 6 NY3d 248, 256 [2006]). Thus, the defendant's valid and unrestricted waiver of the right to appeal in connection with his plea agreement precludes appellate review of his claim that the sentence imposed was excessive (*see People v Taubenkraut,* 48 AD3d 598 [2008]). Lifson, J.P., Florio, Angiolillo and Chambers, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SUSAN BRIEL, Appellant. [855 NYS2d 410]—Appeal by the defendant, as limited by her motion, from a sentence of the Supreme Court, Kings County (Murphy, J.), imposed April 19, 2006, on the ground that the sentence is excessive.

Ordered that the sentence is affirmed. No opinion. Prudenti, P.J., Lifson, Dillon, McCarthy and Chambers, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SETH BROWN, Appellant. [855 NYS2d 410]—Appeals by the defendant, as limited by his motion, from two sentences of the County Court, Suffolk County (Doyle, J.), both imposed March 8, 2007, on the ground that the sentences are excessive.

Ordered that the sentences are affirmed. No opinion. Spolzino, J.P., Santucci, Angiolillo and Eng, JJ., concur.