# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**504**

**KA 09-02626**

PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

       V           MEMORANDUM AND ORDER

PAUL TOPOLSKI, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered December 10, 2009. The judgment convicted defendant, upon his plea of guilty, of felony driving while intoxicated.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of felony driving while intoxicated (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [ii]). Contrary to defendant's contention, we conclude that his waiver of the right to appeal was knowingly, voluntarily, and intelligently entered (*see People v Lopez*, 6 NY3d 248, 256; *People v Pratt*, 77 AD3d 1337, 1337, *lv denied* 15 NY3d 955). Defendant further contends that his plea was not knowingly, voluntarily, and intelligently entered because he failed to recite the underlying facts of the crime to which he pleaded guilty and, upon questioning by the court, he could not recall how much he had to drink on the date of the crime. Defendant's contention is actually a challenge to the factual sufficiency of the plea allocution, and thus that challenge and his challenge to the severity of the sentence are encompassed by the valid waiver of the right to appeal (*see Lopez*, 6 NY3d at 256; *People v Lococo*, 92 NY2d 825, 827; *People v Walton*, 101 AD3d 1792, 1792; *People v Grant*, 96 AD3d 1697, 1697, *lv denied* 19 NY3d 997).

Entered: May 3, 2013           Frances E. Cafarell
                     Clerk of the Court