■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHELDON HERRON, Appellant. [985 NYS2d 82]—

Judgment, Supreme Court, New York County (Charles H. Solomon, J., at suppression hearing; Lewis Bart Stone, J., at plea and sentencing), rendered April 19, 2012, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a term of 2½ years, unanimously affirmed.

Defendant made a valid waiver of his right to appeal (*see People v Ramos*, 7 NY3d 737 [2006]; *People v Lopez*, 6 NY3d 248 [2006]; *compare People v Bradshaw*, 18 NY3d 257 [2011]). The court did not conflate the right to appeal with the rights automatically forfeited by pleading guilty. Instead, it separately explained to defendant that, as part of his plea bargain, and in return for the promised sentence, he was agreeing to waive his right to appeal. Defendant confirmed that he understood, and the oral colloquy was supplemented by a written waiver.

Regardless of whether defendant made a valid waiver of his right to appeal, we find that his suppression motion was properly denied. The description at issue was sufficiently specific to provide probable cause, given the spatial and temporal factors (*see e.g. People v Johnson*, 63 AD3d 518 [2009], *lv denied* 13 NY3d 797 [2009]). Concur—Tom, J.P., Acosta, Andrias, DeGrasse and Richter, JJ.