# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**635**

**KA 13-01180**

PRESENT: PERADOTTO, J.P., CARNI, CURRAN, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

THOMAS M. CULKIN, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SHERRY A. CHASE OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (ASHLEY R. LOWRY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Haendiges, J.), rendered February 14, 2013. The judgment convicted defendant, upon his plea of guilty, of attempted burglary in the second degree (three counts), forgery in the second degree and grand larceny in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of, inter alia, three counts of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]), defendant contends that the waiver of the right to appeal is not valid and challenges the severity of the sentence. Although the record establishes that defendant knowingly, voluntarily and intelligently waived the right to appeal (*see generally People v Lopez*, 6 NY3d 248, 256), we conclude that the valid waiver of the right to appeal does not encompass defendant's challenge to the sentence inasmuch as Supreme Court failed to advise defendant "that he was also waiving his right to appeal any issue concerning the severity of the sentence" (*People v Peterson*, 111 AD3d 1412, 1412). Nevertheless, on the merits, we conclude that the sentence is not unduly harsh or severe.

Entered: July 1, 2016                      Frances E. Cafarell
                                           Clerk of the Court