People v Crockett (2018 NY Slip Op 04914)





People v Crockett


2018 NY Slip Op 04914


Decided on June 29, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CARNI, NEMOYER, AND WINSLOW, JJ.


840 KA 15-01998

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SHANEQUA J. CROCKETT, DEFENDANT-APPELLANT. 






DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARK C. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (STEPHEN X. O'BRIEN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered July 9, 2015. The judgment convicted defendant, upon her plea of guilty, of criminal possession of a weapon in the second degree, reckless endangerment in the first degree, and criminal possession of a firearm. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of, inter alia, criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]). Contrary to defendant's contention, we conclude that her valid waiver of the right to appeal with respect to both the conviction and the sentence forecloses her challenge to the severity of the sentence (see People v Lopez, 6 NY3d 248, 255 [2006]; People v Lassiter, 149 AD3d 1579, 1579-1580 [4th Dept 2017], lv denied 29 NY3d 1092 [2017]; cf. People v Maracle, 19 NY3d 925, 928 [2012]; People v Joubert, 158 AD3d 1314, 1315 [4th Dept 2018], lv denied 31 NY3d 1014 [2018]). Defendant further contends that County Court misapprehended its sentencing discretion and thus was unaware that it had the discretion to impose a shorter period of postrelease supervision. Although that contention survives the valid waiver of the right to appeal and does not require preservation (see People v Davis, 115 AD3d 1239, 1239 [4th Dept 2014]), we conclude that it is without merit (see People v Moore, 59 AD3d 983, 984 [4th Dept 2009], lv denied 12 NY3d 857 [2009]; People v Burgess, 23 AD3d 1095, 1095 [4th Dept 2005], lv denied 6 NY3d 810 [2006]; cf. Davis, 115 AD3d at 1239-1240).
Entered: June 29, 2018
Mark W. Bennett
Clerk of the Court