People v Whidbee (2018 NY Slip Op 05710)





People v Whidbee


2018 NY Slip Op 05710


Decided on August 8, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SANDRA L. SGROI
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2015-11503
 (Ind. No. 5302/15)

[*1]The People of the State of New York, respondent,
v
Tyrone Whidbee, appellant.


The Legal Aid Society, New York, NY (Ellen Dille of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel; Robert Ho on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Martin P. Murphy, J.), imposed October 19, 2015, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The Court of Appeals in People v Rudolph (21 NY3d 497, 502) stated that, although the right to consideration of youthful offender treatment is not waivable, the "prosecutor may bargain for the right to withdraw consent to the plea agreement if youthful offender treatment is granted." In this case, the prosecutor bargained for the right to withdraw consent to the plea agreement if youthful offender treatment were granted, the Supreme Court accepted that bargain, and the court nevertheless considered youthful offender treatment and denied it. Consequently, no error of law was committed.
The defendant's purported waiver of his right to appeal, which was based upon a brief and incomplete colloquy which did not explain the nature of the right to appeal, was invalid (see People v Thompson, 155 AD3d 897; People v Rennick, 123 AD3d 1146; People v Coleman, 116 AD3d 708). Thus, the purported waiver does not preclude review of the defendant's excessive sentence claim (see People v Lopez, 6 NY3d 248, 257). However, contrary to the defendant's contention, the denial of youthful offender treatment was not an improvident exercise of discretion, and the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., SGROI, HINDS-RADIX, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court