People v Risco (2018 NY Slip Op 06570)





People v Risco


2018 NY Slip Op 06570


Decided on October 3, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2017-08004
 (Ind. No. 181/17)

[*1]The People of the State of New York, respondent,
v
Dante Risco, appellant.


Paul Skip Laisure, New York, NY (Denise A. Corsi of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Roni C. Piplani of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Leslie Leach, J.), imposed June 22, 2017, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant did not knowingly, voluntarily, and intelligently waive his right to appeal (see People v Bradshaw, 18 NY3d 257, 264; People v Lopez, 6 NY3d 248, 256). In a brief colloquy, the Supreme Court, inter alia, specifically informed the defendant that he was not forfeiting his right to challenge "the legality of the sentence," but made no distinction between the legality and the excessiveness of the sentence. Although the written waiver form signed on the defendant's behalf by his counsel stated, in relevant part, that the defendant was waiving "any issue with regard to the imposition of sentence," the record does not disclose whether the defendant ever read, understood, or even discussed the written waiver form with his counsel. Under the circumstances presented, the defendant did not knowingly, voluntarily, and intelligently waive his right to challenge the excessiveness of the sentence.
However, contrary to the defendant's contention, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BALKIN, J.P., ROMAN, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court