People v Brand (2019 NY Slip Op 09213)





People v Brand


2019 NY Slip Op 09213


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., NEMOYER, TROUTMAN, AND BANNISTER, JJ.


1263 KA 17-02219

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
PATRICIA BRAND, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered October 12, 2017. The judgment convicted defendant upon a plea of guilty of assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her upon a plea of guilty of assault in the second degree (Penal Law
§ 120.05 [3]). Contrary to her contention, she knowingly, intelligently, and voluntarily waived the right to appeal (see generally People v Lopez, 6 NY3d 248, 256 [2006]). The record of the plea proceeding establishes that County Court engaged her in "an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (People v Steinbrecher, 169 AD3d 1462, 1463 [4th Dept 2019], lv denied 33 NY3d 1108 [2019] [internal quotation marks omitted]). Defendant's valid waiver of the right to appeal encompasses her challenge to the severity of her sentence (see Lopez, 6 NY3d at 255-256).
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court