People v Carson (2023 NY Slip Op 01750)

People v Carson

2023 NY Slip Op 01750

Decided on March 30, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 30, 2023

Before: Renwick, A.P.J., Gesmer, Singh, González, Scarpulla, JJ. 

Ind. No. 4264/18, 2599/19 Appeal No. 17603-17603A Case No. 2020-01808, 2020-01809 

[*1]The People of the State of New York, Respondent,
v
Aaron Carson, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (Ben A. Schatz of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Michael D. Tarbutton of counsel), for respondent.

Judgments, Supreme Court, New York County (Abraham L. Clott, J. at motions; Gregory Carro, J. at pleas and sentencing), rendered January 29, 2020, convicting defendant of attempted murder in the second degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent prison terms of 11 years and 3 years, respectively, unanimously affirmed.
Defendant made a valid waiver of his right to appeal, which forecloses review of his suppression and excessive sentence claims. The record of the plea proceeding, along with the detailed written waiver that defendant reviewed with counsel, established that defendant understood the rights being waived (see People v Thomas, 34 NY3d 545, 559 [2019], cert denied 589 US &mdash, 140 S Ct 2634 [2020]). The court adequately explained defendant's appellate rights without conflating them with those automatically forfeited upon his guilty plea (see People v Lopez, 6 NY3d 248, 256 [2006]). Defendant also argues that the waiver was invalid because the court's explanation came after defendant's factual recitation. However, the minutes show that the People requested that defendant waive his right to appeal at the beginning of the plea proceeding.
We also find defendant's suppression claims unavailing and perceive no basis for reducing defendant's sentence.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 30, 2023