People v Elmore (2025 NY Slip Op 03845)

People v Elmore

2025 NY Slip Op 03845

Decided on June 26, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 26, 2025

CR-24-1360
[*1]The People of the State of New York, Respondent,
v
Nicole Elmore, Appellant.

Calendar Date:May 28, 2025

Before:Aarons, J.P., Lynch, Ceresia, McShan and Powers, JJ.

Capezza Hill, LLP, Albany (Thomas A. Capezza of counsel), for appellant.
Steven M. Sharp, Special Prosecutor, Albany, for respondent.

Ceresia, J.
Appeal from a judgment of the County Court of Montgomery County (Chad Brown, J.), rendered September 6, 2023, convicting defendant upon her plea of guilty of the crime of assault in the first degree (two counts).
Defendant was charged in an indictment with three counts of attempted murder in the first degree, three counts of assault in the first degree, aggravated sexual abuse, conspiracy in the second degree and unlawful imprisonment in the first degree. The charges stemmed from an incident that spanned approximately one week and two counties, during which defendant, while acting in concert with her codefendant, who was her romantic partner, kidnapped and restrained the victim and subjected her to mutilation, burns, torture, sexual assault and, among other things, degradation.[FN1] In full satisfaction of the charges, defendant pleaded guilty to two counts of assault in the first degree with the understanding that sentencing would be left up to the court and that defendant would be allowed to present evidence to support her request for alternative sentencing under the provisions of the Domestic Violence Survivors Justice Act (hereinafter DVSJA) (see Penal Law § 60.12, as amended by L 2019, ch 31, § 1; L 2019, ch 55, part WW, § 1). As part of the plea, defendant also agreed to waive her right to appeal. The conditions of the plea agreement also included that the sentence imposed would be ordered to run concurrently with the sentence imposed on the Fulton County conviction. Prior to sentencing, the parties stipulated that the hearing pursuant to Penal Law § 60.12 would be limited to written submissions, and defendant submitted a forensic evaluation in support of her request for alternative sentencing under the DVSJA. Following those submissions and a statement from the victim, County Court found that defendant was a victim of domestic violence subjected to substantial abuse at the time of the instant offense and that the abuse was a significant contributing factor to her criminal conduct (see Penal Law § 60.12 [1]). The court further found, however, that imposing a sentence within the normal range for her crime (see Penal Law § 70.02 [3]) would not be unduly harsh (see Penal Law § 60.12 [1]). As such, the court denied defendant's application to be sentenced under the DVSJA and sentenced her to a term of incarceration of 12 years, to be followed by five years of postrelease supervision, with the sentence to run concurrently with the sentence imposed on the Fulton County conviction. Defendant appeals.
We affirm. Contrary to defendant's contention, her waiver of the right to appeal is valid. The record reflects that County Court advised defendant that a waiver of appeal was an express condition of the plea agreement, that the waiver was "separate and distinct" from the trial-related rights that she was forfeiting by pleading guilty and that certain issues survived the waiver and could be raised on appeal. Defendant also executed a detailed written appeal [*2]waiver in open court and reviewed that waiver with defense counsel. The written waiver explicitly noted that defendant was waiving, among other claims, her right to challenge the severity of the sentence on appeal and/or that it should be reduced in the interest of justice but also made clear that the waiver "was not an absolute bar to taking a direct appeal and that some issues were nonwaivable, while providing specific examples of some of those rights that did survive the waiver" (People v Robinson, 236 AD3d 1182, 1183 [3d Dept 2025]). In light of the foregoing, we are satisfied that defendant's combined oral and written appeal waiver was knowing, voluntary and intelligent (see People v Thomas, 34 NY3d 545, 558 [2019]; People v Bradshaw, 18 NY3d 257, 264-265 [2011]; People v Lopez, 6 NY3d 248, 256 [2006]).
Notably, it was not necessary for County Court to "delineate all the issues that survive a valid appeal waiver. Provided the defendant is waiving his or her right to appeal knowingly, intelligently and voluntarily, trial judges are not required to follow 'any particular litany when apprising a defendant pleading guilty of the individual rights abandoned' " (People v Robinson, 236 AD3d at 1183, quoting People v Lopez, 6 NY3d at 256; see People v Wint, 222 AD3d 1050, 1051 [3d Dept 2023], lv denied 41 NY3d 945 [2024]). Given defendant's valid appeal waiver, defendant's challenge to the severity of the sentence and County Court's discretionary denial of her application to be sentenced pursuant to the DVSJA are precluded (see generally People v Brown, 37 NY3d 940, 941-942 [2021]; People v Pacherille, 25 NY3d 1021, 1023-1024 [2015]; People v Butler, 232 AD3d 935, 936 [3d Dept 2024], lv denied 43 NY3d 929 [2025]).
Aarons, J.P., Lynch, McShan and Powers, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Defendant was charged by indictment in neighboring Fulton County with kidnapping in the first degree, assault in the first degree and aggravated sexual abuse in the first degree based upon this incident. In satisfaction of that indictment, defendant pleaded guilty to kidnapping in the first degree and was ultimately sentenced, pursuant to the Domestic Violence Survivors Justice Act (see Penal Law § 60.12, as amended by L 2019, ch 31, § 1; L 2019, ch 55, part WW, § 1), to 12 years in prison, to be followed by five years of postrelease supervision. That conviction is the subject of a separate appeal (People v Elmore, ___ AD3d ___ [3d Dept 2025] [decided herewith]).