People v Fields

2026 NY Slip Op 01981

April 1, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,

v

Dandre Fields, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 1, 2026

2022-10452, (Ind. No. 73096/21)

Mark C. Dillon, J.P.

Lara J. Genovesi

Donna-Marie E. Golia

Phillip Hom, JJ.

Patricia Pazner, New York, NY (Victoria L. Benton of counsel), for appellant.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Amy Appelbaum, and Katherine A. Walecka of counsel), for respondent.

[*1]

DECISION & ORDER

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dineen A. Riviezzo, J.), rendered November 15, 2022, convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.

ORDERED that the judgment is affirmed.

The defendant was charged with, inter alia, criminal possession of a weapon in the second degree. After that branch of his motion which was to suppress physical evidence was denied, the defendant entered a plea agreement pursuant to which he waived his right to appeal.

Under the totality of the circumstances, the record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545; People v Lopez, 6 NY3d 248). Although it would have been better practice for the Supreme Court to discuss with the defendant the waiver of his appellate rights before obtaining an admission of guilt (see People v Callejo, 237 AD3d 1218, 1218; People v White, 234 AD3d 884, 884), the defendant acknowledged that an appeal waiver was a condition of the plea agreement prior to the entry of his plea of guilty and admission of guilt. Furthermore, the defendant acknowledged that he had discussed the appeal waiver with his attorney, as well as executed a written waiver of his right to appeal. Thus, it cannot be said that the defendant "received no material benefit from his appeal waiver" or that the appeal waiver "was a gratuitous, after-the-fact additional demand asserted after the bargain had already been struck" (People v White, 234 AD3d at 884-885 [internal quotation marks omiited]). Moreover, contrary to the defendant's contention, the court adequately explained and the defendant acknowledged that he understood the nature of the right to appeal and the consequences of waiving that right, and the court did not mischaracterize the nature or scope of the waiver (see People v Morao, 238 AD3d 1175, 1175; People v Sobers, 235 AD3d 908, 909). Additionally, the written appeal waiver signed by the defendant adequately supplemented the oral colloquy (see People v Morao, 238 AD3d at 1175; People v Hendricks, 224 AD3d 705, 706). Under the circumstances presented, including, among other things, the exemplary explanation of the right to appeal provided to the defendant, the court's delay in explaining the appeal waiver until after the defendant's factual allocution of the crime did not render the appeal waiver invalid (see People v Callejo, 237 AD3d at 1218-1219).

The defendant's valid waiver of his right to appeal precludes appellate review of his challenge to the Supreme Court's suppression determination (see People v Mincy, 240 AD3d 615, 616; People v Callejo, 237 AD3d at 1219). However, contrary to the People's contention, the defendant's appeal waiver does not preclude appellate review of his contention that Penal Law §§ 265.03(3), 265.01-b(1), and 265.01(1) were unconstitutional under New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1), and the defendant does not lack standing to assert this claim (see People v Johnson, ___ NY3d ___, 2025 NY Slip Op 06528). Nevertheless, the defendant's contention that those statutes are unconstitutional is without merit. The Bruen decision had no impact on the constitutionality of New York State's criminal possession of a weapon statutes (see People v Johnson, ___ NY3d ___, 2025 NY Slip Op 06528; People v Mitchell, 244 AD3d 1005).

DILLON, J.P., GENOVESI, GOLIA and HOM, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court