■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON SOTO, Appellant. [848 NYS2d 93]—

Judgment, Supreme Court, New York County (Robert M. Stolz, J., at hearing; Charles H. Solomon, J., at plea and sentence), rendered March 14, 2006, convicting defendant of criminal possession of a controlled substance in the third degree, and sentencing him to a term of one year, unanimously affirmed.

Defendant made a valid waiver of his right to appeal, which forecloses review of his suppression claim. The court expressly informed him that as a condition of the plea, he was agreeing to waive his right to appeal, and the court explicitly separated that right from the rights automatically forfeited by a guilty plea (*see People v Lopez*, 6 NY3d 248, 256-257 [2006]). Furthermore, the record makes it clear that not only did defendant have the opportunity to discuss the proposed appeal waiver with his lawyer, but he also executed a detailed written waiver in which he stated that he agreed to give up his right to appeal because he was receiving a favorable plea and sentence agreement (*see People v Ramos*, 7 NY3d 737 [2006]). In any event, were we to find the waiver to be unenforceable, we would reject the suppression claim on the merits. Concur—Lippman, P.J., Marlow, Williams and Gonzalez, JJ.