■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESUS SANCHEZ, Also Known as JESUS J. SANCHEZ, Appellant. [867 NYS2d 31]—

Judgment, Supreme Court, Bronx County (Albert Lorenzo, J., at plea; John P. Collins, J., at sentence), rendered September 28, 2006, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in or near school grounds, and sentencing him, as a second felony offender, to a term of 3½ years, unanimously affirmed.

Defendant made a valid waiver of his right to appeal; the court elicited such a waiver as part of the plea agreement, and separately from the rights automatically forfeited by a guilty plea (*see People v Lopez*, 6 NY3d 248, 256-257 [2006]). The waiver forecloses appellate review of defendant's claim that the period of postrelease supervision imposed should be reduced because the court allegedly intended to impose the minimum permissible supervision term. Although a challenge to the voluntariness of a plea survives an appeal waiver, the record establishes that the plea was knowing, intelligent and voluntary. In particular, defendant was informed of the precise

postrelease supervision term he was facing. Moreover, on appeal he does not seek vacatur of the plea, but only reduction of the supervision term in the interest of justice.

In any event, defendant's claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. The record does not support defendant's claim that the court intended to impose the minimum permissible term of postrelease supervision, or that it made any such statement to defendant. Concur—Lippman, P.J., Gonzalez, Sweeny, Catterson and DeGrasse, JJ.