■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONDELL L. HOLLAND, Appellant. [971 NYS2d 475]—Appeal by the defendant, as limited by his motion, from a sentence of the County Court, Suffolk County (Hinrichs, J.), imposed June 1, 2011, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

As the People correctly concede, the defendant's waiver of his right to appeal was not knowing, voluntary, and intelligent (*see People v Kearns*, 253 AD2d 559 [1998]) and, thus, does not preclude review of his excessive sentence claim. However, contrary to the defendant's contention, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Eng, P.J., Dillon, Chambers and Austin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO JAVIER, Appellant. [971 NYS2d 478]—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Camacho, J.), imposed March 30, 2011, upon his plea of guilty, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

The defendant's purported waiver of his right to appeal was invalid (*see People v Bradshaw*, 18 NY3d 257, 267 [2011]; *People v Lopez*, 6 NY3d 248, 257 [2006]) and, thus, does not preclude review of his excessive sentence claim. However, contrary to the defendant's contention, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Eng, P.J., Rivera, Leventhal and Sgroi, JJ., concur.