# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1201**

**KA 13-01730**

PRESENT: SMITH, J.P., CENTRA, FAHEY, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

SYLVESTER COLLINS, DEFENDANT-APPELLANT.

---

FRANK J. NEBUSH, JR., PUBLIC DEFENDER, UTICA (DAVID A. COOKE OF COUNSEL), FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered May 30, 2013. The judgment convicted defendant, upon his plea of guilty, of attempted criminal sale of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted criminal sale of a controlled substance in the third degree (Penal Law §§ 110.00, 220.39 [1]), defendant contends that his waiver of the right to appeal and his guilty plea were not knowing, voluntary, and intelligent. We reject defendant's contention. Defendant initially pleaded guilty, but County Court permitted him to withdraw that plea. Defendant thereafter again pleaded guilty and was sentenced. With respect to the second plea, the record reflects that defendant waived the right to appeal "both orally and in writing before pleading guilty, and the court conducted an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (*People v McGrew*, 118 AD3d 1490, 1490-1491, *lv denied* 23 NY3d 1065 [internal quotation marks omitted]; *see People v Nicholson*, 6 NY3d 248, 257). Furthermore, "[a]lthough defendant's contention that the plea was not knowingly, voluntarily or intelligently entered survives the waiver of the right to appeal, that contention is not preserved for our review because defendant failed to move to withdraw his plea or to vacate the judgment of conviction" entered upon his second guilty plea (*People v Neal*, 56 AD3d 1211, 1211, *lv denied* 12 NY3d 761).

Entered:  November 21, 2014                    Frances E. Cafarell
                                               Clerk of the Court