■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO BORRELL, Appellant. [8 NYS3d 602]—Appeal by the defendant from so much of an order of the Supreme Court, Queens County (McGann, J.), dated June 10, 2010, as denied, without a hearing, that branch of his motion which was pursuant to CPL 440.30 (1-a) for DNA testing of certain evidence.

Ordered that the order is affirmed insofar as appealed from.

The Supreme Court properly denied, without a hearing, that branch of the defendant's motion which was pursuant to CPL 440.30 (1-a) for DNA testing of certain evidence, since the defendant failed to show that there was a reasonable probability that the verdict would have been more favorable to him had the DNA tests been performed and the results admitted at trial (see CPL 440.30 [1-a] [a] [1]; People v Bellezza, 119 AD3d 598, 598-599 [2014]; People v Johnson, 112 AD3d 969, 969-970 [2013]; People v Perry, 89 AD3d 1114, 1115 [2011]).

The defendant's remaining contentions, raised in his pro se supplemental brief, are not properly raised on this appeal (see CPL 450.10). Mastro, J.P., Sgroi, Cohen and Duffy, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMONT DEBOSE, Appellant. [8 NYS3d 605]—Appeal by the defendant from a resentence of the Supreme Court, Kings County (DiMango, J.), imposed January 5, 2012, on the ground that the resentence was excessive.

Ordered that the resentence is affirmed.

The defendant's purported waiver of his right to appeal was invalid (see People v Lopez, 6 NY3d 248, 256-257 [2006]; People v Brown, 122 AD3d 133, 137-138 [2014]) and, thus, does not preclude review of his claim that the resentence was excessive. However, the resentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Eng, P.J., Skelos, Leventhal, Roman and Duffy, JJ., concur.