THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM POLLARD, Appellant. [17 NYS3d 864]—Judgment,

Supreme Court, New York County (Laura Ward, J.), rendered October 23, 2013, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a term of two years, unanimously affirmed.

Defendant made a valid waiver of his right to appeal (*see People v Lopez*, 6 NY3d 248 [2006]). In any event, regardless of whether defendant's waiver of the right to appeal forecloses review of his claims that he substantially complied with his plea agreement and that he was denied dismissal of the indictment for acts that did not actually constitute a violation of the agreement, those claims are unpreserved, affirmatively waived, and unreviewable for lack of a sufficient record. We note that defendant did not claim he was still entitled to dismissal of the indictment under the terms of the agreement, he rejected the court's offer to conduct a hearing to resolve any factual issues, and he instead merely requested a lenient sentence (*see People v Feliciano*, 22 NY3d 986 [2013]).

We decline to review defendant's claims in the interest of justice. As an alternative holding, we find that the court correctly concluded that defendant had violated his plea agreement and thus forfeited the opportunity for dismissal of the indictment. The People were entitled to insist on strict compliance with the agreement (*see People v Jenkins*, 11 NY3d 282 [2008]), and, in any event, the record fails to support defendant's claim that he substantially complied with the agreement or that the violations involved matters that the agreement did not cover. Concur—Tom, J.P., Andrias, Moskowitz and Kapnick, JJ.