People v Rivas (2018 NY Slip Op 08153)





People v Rivas


2018 NY Slip Op 08153


Decided on November 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SANDRA L. SGROI
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-07277
 (Ind. No. 212/17)

[*1]The People of the State of New York, respondent,
v
Andres A. Rivas, appellant.


The Legal Aid Society, New York, NY (Justine M. Luongo and Ellen Dille of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Christopher J. Blira-Koessler of counsel; Deanna Russo on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Barry Kron, J.), imposed June 6, 2017, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant's purported waiver of his right to appeal was invalid (see People v Bradshaw, 18 NY3d 257, 267; People v Lopez, 6 NY3d 248, 257; People v Melendez, 164 AD3d 1473; People v James, 164 AD3d 1363; People v Kajuan L., 164 AD3d 523; People v Bogun, 162 AD3d 898). Among other deficiencies, the Supreme Court's limited and muddled colloquy did not ensure the defendant's understanding of the distinction between his waiver of the right to appeal and the other rights that are automatically forfeited on a plea of guilty (see People v Melendez, 164 AD3d 1473; People v James, 164 AD3d 1363; People v Kajuan L., 164 AD3d 523; People v Daniels, 160 AD3d 979; People v Waldon, 157 AD3d 913). Although the record includes a written waiver of the right to appeal signed by the defendant, the court failed to ascertain on the record whether the defendant had read the waiver or whether he was aware of its contents (see People v James, 164 AD3d 1363; People v Kajuan L., 164 AD3d 523; People v Daniels, 160 AD3d 979; People v Waldon, 157 AD3d 913). Thus, the purported waiver does not preclude review of the defendant's excessive sentence claim.
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BALKIN, J.P., SGROI, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court