People v Williams (2019 NY Slip Op 02914)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

People v Williams

2019 NY Slip Op 02914

Decided on April 17, 2019

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
JEFFREY A. COHEN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-02517
(Ind. No. 8856/15)

[*1]The People of the State of New York, respondent,
vAaron Williams, appellant.

Paul Skip Laisure, New York, NY (Charity L. Brandy of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Solomon Neubort of counsel; Marielle Burnett on the memorandum), for respondent.

DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Matthew D'Emic, J.), imposed February 8, 2017, upon his plea of guilty, on the ground that the period of postrelease supervision imposed as part of the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant's purported waiver of the right to appeal was invalid and, thus, does not preclude review of his excessive sentence claim. The Supreme Court's limited colloquy did not ensure that the defendant understood the nature of the right to appeal or the distinction between the right to appeal and the other trial rights which are forfeited incident to a plea of guilty (see People v Lopez, 6 NY3d 248; People v Brown, 122 AD3d 133, 137-138, 141). Under the circumstances here, we conclude that the defendant did not knowingly, voluntarily, and intelligently waive his right to appeal (see People v Brown, 122 AD3d 133).
Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
AUSTIN, J.P., LEVENTHAL, COHEN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court