People v Barthelemy (2019 NY Slip Op 00294)





People v Barthelemy


2019 NY Slip Op 00294


Decided on January 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2013-02713
 (Ind. No. 2360/12)

[*1]The People of the State of New York, respondent,
v
Bernsley Barthelemy, appellant.


Paul Skip Laisure, New York, NY (Anjali Biala of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Seth M. Lieberman of counsel; Ruby D. Andrade on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Neil Jon Firetog, J.), imposed November 19, 2012, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
"A defendant's valid waiver of the right to appeal includes waiver of the right to invoke the Appellate Division's interest-of-justice jurisdiction to reduce the sentence" (People v Lopez, 6 NY3d 248, 255). Here, the defendant's purported waiver of the right to appeal was invalid (see People v Bradshaw, 18 NY3d 257, 264). The record does not demonstrate that the defendant understood the distinction between the right to appeal he was asked to give up as a condition of the plea agreement and other trial rights he automatically forfeited upon his guilty plea (see People v Bratton, 165 AD3d 693; People v Reillo, 164 AD3d 1476). Moreover, the Supreme Court's statement, "if you went to trial and were convicted you would have what is known as the right of appeal," was misleading, because it suggested that only defendants who are convicted after trial have a right to appeal (see People v Odom, 164 AD3d 1475). Since the defendant's purported waiver of the right to appeal was invalid, this Court is not precluded from reviewing the defendant's contention that the sentence imposed was excessive.
Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
MASTRO, J.P., LEVENTHAL, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court