People v Johnson (2019 NY Slip Op 03076)





People v Johnson


2019 NY Slip Op 03076


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2017-02992
 (Ind. No. 2539/14)

[*1]The People of the State of New York, respondent,
v
Judith Johnson, appellant.


Paul Skip Laisure, New York, NY (Nao Terai of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Keith Dolan, and Andrew S. Durham of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by her motion, from a sentence of the Supreme Court, Kings County (Neil Jon Firetog, J.), imposed June 1, 2016, upon her plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant's purported waiver of the right to appeal was invalid (see People v Bradshaw, 18 NY3d 257, 264). The record does not demonstrate that the defendant understood the distinction between the right to appeal she was asked to give up as a condition of the plea agreement and other trial rights she automatically forfeited upon her plea of guilty (see People v Barthelemy, ___AD3d___, 2019 NY Slip Op 00294 [2d Dept 2019]; People v Chevoy, 167 AD3d 768; People v Reillo, 164 AD3d 1476). Moreover, although the defendant executed a written appeal waiver form after being given an opportunity to discuss it with her attorney, the transcript of the plea proceeding failed to demonstrate that the defendant had read the waiver or that she was aware of its contents (see People v Chevoy, 167 AD3d at 768-769; People v Brown, 122 AD3d 133, 145). Further, the terse discussion between the Supreme Court and the defendant's attorney failed to demonstrate that the defendant grasped the concept of the appeal waiver and the nature of the right she was forgoing (see People v Bradshaw, 18 NY3d at 267; People v Fernandez, 168 AD3d 973). Since the defendant's purported waiver of the right to appeal was invalid, this Court is not precluded from reviewing the defendant's contention that the sentence imposed was excessive.
Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., AUSTIN, ROMAN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court