People v Palmer (2019 NY Slip Op 03374)





People v Palmer


2019 NY Slip Op 03374


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2016-11636
 (Ind. No. 1741/15)

[*1]The People of the State of New York, respondent,
v
Warren Palmer, appellant.


Paul Skip Laisure, New York, NY (William Kastin of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and William H. Branigan of counsel; Lorrie A. Zinno on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Michael Aloise, J.), imposed October 5, 2016, upon his plea of guilty, on the ground the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant's purported waiver of his right to appeal was invalid (see People v Brown, 122 AD3d 133, 143-144). The Supreme Court's terse colloquy failed to advise the defendant of the nature of the right to appeal and to ensure that the defendant grasped the concept of the appeal waiver and the nature of the right he was forgoing (see People v Bradshaw, 18 NY3d 257, 267; People v Lopez, 6 NY3d 248, 255; People v Johnson, _____ AD3d _____, 2019 NY Slip Op 03076 [2d Dept 2019]; People v Fernandez, 168 AD3d 973). Further, although the defendant signed a written waiver of his right to appeal, the court did not ascertain on the record whether the defendant read the written waiver or was aware of its contents (see People v Bradley, 167 AD3d 768; People v Brown, 122 AD3d at 142). Since the defendant's purported waiver of the right to appeal was invalid, this Court is not precluded from reviewing the defendant's contention that the sentence imposed was excessive.
Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., HINDS-RADIX, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court