People v Miller (2019 NY Slip Op 08323)





People v Miller


2019 NY Slip Op 08323


Decided on November 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.


1084 KA 17-01302

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSHUA L. MILLER, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KAIXI XU OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOSEPH V. CARDONE, DISTRICT ATTORNEY, ALBION (SUSAN M. HOWARD OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered October 17, 2016. The judgment convicted defendant upon his plea of guilty of attempted criminal possession of a controlled substance in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal possession of a controlled substance in the second degree (Penal Law §§ 110.00, 220.18 [2]). We reject defendant's contention that his waiver of the right to appeal was invalid. The plea colloquy establishes that defendant knowingly, voluntarily, and intelligently waived the right to appeal (see generally People v Lopez, 6 NY3d 248, 256 [2006]). Inasmuch as defendant's valid waiver of the right to appeal specifically included a waiver of the right to challenge the severity of the sentence and defendant was informed of "the maximum sentence [County Court] could impose in its discretion," the waiver encompasses his challenge to the severity of his sentence (People v Lococo, 92 NY2d 825, 827 [1998]; see People v Lasher, 151 AD3d 1774, 1775 [4th Dept 2017], lv denied 29 NY3d 1129 [2017]). Defendant's valid waiver of the right to appeal likewise encompasses his challenges to the court's suppression ruling (see People v Antonio J., 173 AD3d 1743, 1744 [4th Dept 2019]; People v Brand, 112 AD3d 1320, 1321 [4th Dept 2013], lv denied 23 NY3d 961 [2014]).
Entered: November 15, 2019
Mark W. Bennett
Clerk of the Court