People v Gregory (2020 NY Slip Op 04061)





People v Gregory


2020 NY Slip Op 04061


Decided on July 17, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


635 KA 18-01709

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KRISTINA GREGORY, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (EDWARD P. DUNN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
KRISTINA GREGORY, DEFENDANT-APPELLANT PRO SE.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered January 19, 2018. The judgment convicted defendant upon a plea of guilty of criminal possession of a weapon in the second degree, assault in the second degree (two counts), unlawful imprisonment in the first degree, grand larceny in the fourth degree, menacing in the second degree and endangering the welfare of a child (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of, inter alia, two counts of assault in the second degree (Penal Law § 120.05 [2], [6]). As defendant contends in her main brief and the People correctly concede, defendant did not validly waive her right to appeal because County Court's oral colloquy conflated the right to appeal with those rights automatically forfeited by the guilty plea (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Rogers, 159 AD3d 1558, 1558-1559 [4th Dept 2018], lv denied 31 NY3d 1152 [2018]). Nevertheless, we reject defendant's contention in her main and pro se supplemental briefs that the sentence is unduly harsh and severe.
Finally, we have considered the remaining contentions in defendant's pro se supplemental brief and conclude that none warrants reversal or modification of the judgment.
Entered: July 17, 2020
Mark W. Bennett
Clerk of the Court