People v Fortner (2022 NY Slip Op 01926)





People v Fortner


2022 NY Slip Op 01926


Decided on March 18, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, LINDLEY, AND WINSLOW, JJ.


242 KA 21-00635

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DARRYL FORTNER, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a resentence of the Onondaga County Court (Matthew J. Doran, J.), rendered March 23, 2021. Defendant was resentenced upon a conviction of robbery in the first degree and menacing in the second degree. 
It is hereby ORDERED that the resentence so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a resentence on his conviction, upon his plea of guilty, of robbery in the first degree (Penal Law § 160.15 [4]) and menacing in the second degree
(§ 120.14 [1]). In appeal No. 2, defendant appeals from a resentence on his conviction, upon his plea of guilty in the same plea proceeding, of attempted robbery in the first degree (§§ 110.00, 160.15 [4]). Although defendant validly waived his right to appeal at the plea proceeding (see generally People v Lopez, 6 NY3d 248, 256 [2006]), that waiver does not preclude him from challenging the sentences imposed upon resentencing (see People v Allen, 97 AD3d 1164, 1164 [4th Dept 2012], lv denied 19 NY3d 994 [2012]; People v Gray, 32 AD3d 1052, 1053 [3d Dept 2006], lv denied 7 NY3d 902 [2006]; see also People v Jirdon, 159 AD3d 1518, 1519 [4th Dept 2018]). We nevertheless conclude in each appeal that the resentence is not unduly harsh or severe.
Entered: March 18, 2022
Ann Dillon Flynn
Clerk of the Court