People v Vantassell (2022 NY Slip Op 03011)





People v Vantassell


2022 NY Slip Op 03011


Decided on May 4, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LARA J. GENOVESI
WILLIAM G. FORD, JJ.


2019-06304
2019-06307
2021-05729

[*1]The People of the State of New York, respondent,
v
Samantha Vantassell, appellant. (Ind. Nos. 54/17, 142/18, 143/18)


Yasmin Daley Duncan, Brooklyn, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent on Indictment No. 54/17.
Letitia James, Attorney General, New York, NY (Andrew Amend and Margaret A. Cieprisz of counsel), for respondent on Indictment Nos. 142/18 and 143/18.



DECISION & ORDER
Appeals by the defendant from (1) a judgment of the County Court, Dutchess County (Michael G. Hayes, J.), rendered May 16, 2019, convicting her of criminal sale of a controlled substance in the second degree and attempted conspiracy in the second degree, upon her plea of guilty, under Indictment No. 142/18, and imposing sentence, (2) a judgment of the same court, also rendered May 16, 2019, convicting her of making a terroristic threat, upon her plea of guilty, under Indictment No. 143/18, and imposing sentence, and (3) an amended judgment of the same court, also rendered May 16, 2019, revoking a sentence of probation previously imposed by the same court under Indictment No. 54/17, upon a finding that she violated a condition thereof, upon her admission, and imposing a sentence of imprisonment upon her previous conviction of criminal sale of a controlled substance in the third degree.
ORDERED that the judgments and the amended judgment are affirmed.
As regards the two judgments, rendered under Indictment Nos. 142/18 and 143/18, the record demonstrates that the defendant knowingly, voluntarily, and intelligently waived her right to appeal (see People v Lopez, 6 NY3d 248, 254). The totality of the circumstances, including the written appeal waiver and the defendant's experience with the criminal justice system, reveals that the defendant understood the nature of the appellate rights being waived (see People v Thomas, 34 NY3d 545, 559). The defendant's valid waiver of her right to appeal precludes appellate review of her contention that the sentences imposed under Indictment Nos. 142/18 and 143/18 were excessive (see People v Lopez, 6 NY3d at 255-256).
As regards the amended judgment, rendered under Indictment No. 54/17, the sentence of imprisonment imposed upon the revocation of the sentence of probation imposed under Indictment No. 54/17 was not excessive (see People v Williams, 164 AD3d 845, 846; People v Suitte, 90 AD2d 80).
DILLON, J.P., DUFFY, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court