People v Sanchez (2024 NY Slip Op 01879)

People v Sanchez

2024 NY Slip Op 01879

Decided on April 04, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 04, 2024

Before: Kern, J.P., Singh, González, Pitt-Burke, Rosado, JJ. 

Ind. No. 71017/21 Appeal No. 1995 Case No. 2022-04609 

[*1]The People of the State of New York, Respondent,
v
Kayshawn Sanchez, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Phoenix Rice-Johnson of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Katherine A. Triffon of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Albert Lorenzo, J.), rendered September 13, 2022, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the fourth degree, and sentencing him to three years' probation, unanimously affirmed.
Defendant made a valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US &mdash, 140 S Ct 2634 [2020]). The court adequately explained defendant's appellate rights without conflating them with those automatically forfeited upon his guilty plea (see People v Lopez, 6 NY3d 248, 256 [2006]). The waiver forecloses review of defendant's Second Amendment challenge to his conviction (see People v Johnson, — AD3d &mdash, 2024 NY Slip Op 02175 [1st Dept 2024]).
Regardless of whether defendant validly waived his right to appeal, his Second Amendment claim is unpreserved (see People v Cabrera, — NY3d &mdash, &mdash, 2023 NY Slip Op 05968, *2-7 [2023]), and we decline to consider it in the interest of justice. As an alternative holding, we find that, on the present record, defendant has failed to establish that he has standing to challenge Penal Law § 265.01(1) or that this statute is unconstitutional in light of New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]) (see Johnson, — AD3d &mdash, &mdash, 2024 NY Slip Op 02175, *3).
Defendant's valid appeal waiver also forecloses review of his excessive sentence claim. In any event, we perceive no basis for reducing the sentence.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 4, 2024