People v Guin (2024 NY Slip Op 03764)

People v Guin

2024 NY Slip Op 03764

Decided on July 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
LILLIAN WAN, JJ.

2022-00137
2022-00138
2022-00139

[*1]The People of the State of New York, respondent,
v
Deon Guin, appellant. (SCI. Nos. 884/20, 980/20, Ind. No. 2201/20)

Patricia Pazner, New York, NY (Victoria L. Benton of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Gamaliel Marrero of counsel; Darci Siegel on the brief), for respondent.

DECISION & ORDER
Appeals by the defendant from three judgments of the Supreme Court, Kings County (Frederick C. Arriaga, J.), all rendered December 15, 2021, convicting him of burglary in the third degree under Superior Court Information No. 884/20, burglary in the second degree under Superior Court Information No. 980/20, and bail jumping in the second degree under Indictment No. 2201/20, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
The record reflects that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Lopez, 6 NY3d 248, 256; People v Orta, 169 AD3d 932, 932). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the Supreme Court improvidently exercised its discretion upon terminating the defendant's participation in the judicial diversion program (see People v Sabater, 144 AD3d 950, 951).
Although the defendant's contention that the Supreme Court improperly delegated its authority during sentencing survives the defendant's valid waiver of the right to appeal, that contention is unpreserved for appellate review (see People v Lashley, 167 AD3d 778; see also People v Nolcox, 40 AD3d 1128). In any event, in exercising its discretion to terminate the defendant's participation in the judicial diversion program, the court properly considered the recommendations of the prosecutor, the treatment provider, the probation department, the statements made at sentencing, and the defendant's criminal history (see People v Vasquez, 131 AD3d 1076, 1077).
It is undisputed that the defendant did not validly waive his right to appeal the excessiveness of the sentence imposed on the conviction of burglary in the second degree under Indictment No. 2201/20, as the Supreme Court expressly excluded a challenge to the excessiveness of that sentence imposed from the challenges foreclosed by the waiver of the right to appeal (see People v Arriaza-Ortega, 216 AD3d 1175). Nevertheless, the sentence imposed upon the defendant's conviction of burglary in the second degree was not excessive (see People v Suitte, 90 [*2]AD2d 80).
IANNACCI, J.P., CHAMBERS, FORD and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court