People v Dyce (2024 NY Slip Op 06356)

People v Dyce

2024 NY Slip Op 06356

Decided on December 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2022-09407
 (Ind. No. 1594/20)

[*1]The People of the State of New York, respondent,
v
Tajah Dyce, appellant.

Twyla Carter, New York, NY (Jody Ratner of counsel), and Kramer Levin Naftalis & Frankel LLP, New York, NY (Brian Hilburn of counsel), for appellant (one motion filed).
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Michael Bierce of counsel; Ruth Reid on the memorandum), for respondent.

DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Dena E. Douglas, J.), imposed October 27, 2022, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545; People v Lopez, 6 NY3d 248). Contrary to the defendant's contention, the Supreme Court neither mischaracterized the finality of the appeal waiver nor failed to explain the nature of an appeal. The court's colloquy followed, almost verbatim, the model colloquy for the waiver of the right to appeal drafted by the Unified Court System's Criminal Jury Instructions and Model Colloquy Committee, the use of which has been endorsed by this Court in People v Batista (167 AD3d 69, 76-78) and by the Court of Appeals in People v Thomas (34 NY3d at 566-567). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d at 255).
BARROS, J.P., MILLER, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court