People v Turner (2025 NY Slip Op 00753)

People v Turner

2025 NY Slip Op 00753

Decided on February 7, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., SMITH, OGDEN, NOWAK, AND HANNAH, JJ.

76 KA 21-01476

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TAVION TURNER, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (JESSICA STICKL ASBACH OF COUNSEL), FOR DEFENDANT-APPELLANT.
MICHAEL J. KEANE, ACTING DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Chautauqua County Court (David W. Foley, J.), rendered September 22, 2021. The judgment convicted defendant upon his plea of guilty of manslaughter in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]), defendant contends that his waiver of the right to appeal is invalid and thus does not foreclose his challenge to the severity of his sentence. We agree. Here, "there is no basis [in the record] upon which to conclude [County Court] ensured 'that the defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty' " (People v Jones, 107 AD3d 1589, 1590 [4th Dept 2013], lv denied 21 NY3d 1075 [2013], quoting People v Lopez, 6 NY3d 248, 256 [2006]; see People v Barzee, 204 AD3d 1422, 1422 [4th Dept 2022], lv denied 38 NY3d 1132 [2022]). We nevertheless conclude that the sentence is not unduly harsh or severe.
Entered: February 7, 2025
Ann Dillon Flynn
Clerk of the Court