People v Hidalgo (2025 NY Slip Op 03881)

People v Hidalgo

2025 NY Slip Op 03881

Decided on June 27, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, SMITH, NOWAK, AND DELCONTE, JJ.

277 KA 23-01027

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ESTRELLITA T. HIDALGO, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.
MICHAEL J. KEANE, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), entered November 4, 2022. The judgment convicted defendant, upon her plea of guilty, of grand larceny in the third degree and criminal possession of a forged instrument in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In these consolidated appeals, defendant appeals, in appeal No. 1, from a judgment convicting her, upon her plea of guilty, of grand larceny in the third degree (Penal Law § 155.35 [1]) and criminal possession of a forged instrument in the second degree (§ 170.25). In appeal No. 2, defendant appeals from a separate judgment convicting her, upon her plea of guilty, of attempted assault in the second degree (§§ 110.00, 120.05 [2]). The two pleas were entered in separate proceedings.
With respect to appeal No. 1, even assuming, arguendo, that defendant's waiver of the right to appeal is invalid and thus does not preclude our review of her challenge to the severity of the sentence (see People v Mastin, 232 AD3d 1268, 1272 [4th Dept 2024], lv denied 42 NY3d 1053 [2024]; People v McDonell, 219 AD3d 1665, 1665 [4th Dept 2023], lv denied 40 NY3d 1081 [2023]; see generally People v Thomas, 34 NY3d 545, 564-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]), we nevertheless reject defendant's contention that her sentence is unduly harsh and severe.
With respect to appeal No. 2, contrary to defendant's contention, we conclude on this record that defendant's waiver of the right to appeal was knowing, voluntary, and intelligent (see People v Ayala, 235 AD3d 1253, 1253-1254 [4th Dept 2025], lv denied 43 NY3d 961 [2025]; People v Bailey, 230 AD3d 1543, 1543-1544 [4th Dept 2024], lv denied 42 NY3d 1034 [2024]; see generally Thomas, 34 NY3d at 559-564), and the valid waiver forecloses defendant's challenge to the severity of the sentence (see People v Lopez, 6 NY3d 248, 256 [2006]).
Entered: June 27, 2025
Ann Dillon Flynn
Clerk of the Court