People v Murphy (2025 NY Slip Op 04191)

People v Murphy

2025 NY Slip Op 04191

Decided on July 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2023-05292
 (Ind. No. 112/22)

[*1]The People of the State of New York, respondent,
v
John Ferdinand Murphy III, appellant.

Margaret W. Walker, Poughkeepsie, NY (Lauren A. Jaeb of counsel; Roshawn Jarrett on the brief), for appellant.
Letitia James, Attorney General, New York, NY (Matthew B. Keller and Hannah Stith Long of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered May 24, 2023, convicting him of grand larceny in the second degree and scheme to defraud in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Under the totality of the circumstances, the record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545; People v Lopez, 6 NY3d 248). Although it would have been better practice for the County Court to discuss with the defendant the waiver of his appellate rights before obtaining an admission of guilt (see People v Downing, 233 AD3d 965, 966), the record reflects that the defendant, a practicing attorney for more than 40 years, was aware of the People's demand for an appeal waiver before agreeing to plead guilty, as, among other things, the defendant acknowledged that he had discussed the appeal waiver with his attorney (see People v Garcia, 237 AD3d 1222; People v Velazquez, 235 AD3d 664, 665). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d at 253; People v Velazquez, 235 AD3d at 665).
DILLON, J.P., WOOTEN, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court