People v Jusufov (2025 NY Slip Op 05254)

People v Jusufov

2025 NY Slip Op 05254

Decided on October 1, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 1, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.

CHERYL E. CHAMBERS

WILLIAM G. FORD

JANICE A. TAYLOR

JAMES P. MCCORMACK, JJ.

2022-09406

(Ind. No. 196/19)

[*1]The People of the State of New York, respondent,

v

Daniel Jusufov, appellant.

Patricia Pazner, New York, NY (Sam Feldman of counsel), for appellant.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Avshalom Yotam of counsel; Jackson Kane on the memorandum), for respondent.

DECISION & ORDER

Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Heidi C. Cesare, J.), imposed October 27, 2022, upon his plea of guilty, on the ground that the sentence was excessive.

ORDERED that the sentence is affirmed.

Under the totality of the circumstances, the record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545, 559; People v Downing, 233 AD3d 965, 966). Although it would have been better practice for the Supreme Court to discuss with the defendant the waiver of his appellate rights before obtaining an admission of guilt (see People v Powell, 233 AD3d 898, 898), the record reflects that the defendant was made aware of the People's demand for an appeal waiver before he agreed to plead guilty, and the defendant acknowledged that he had discussed the appeal waiver with his attorney (see People v Howard, 240 AD3d 513; People v Morao, 238 AD3d 1175, 1175; People v Callejo, 237 AD3d 1218, 1218). Contrary to the defendant's contention, under the circumstances presented, the court's delay in explaining the appeal waiver until after the defendant's factual allocution of the crime did not render the appeal waiver invalid (see People v Garcia, 237 AD3d 1222, 1223; People v Francois, 235 AD3d 657, 657). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that his sentence was excessive (see People v Lopez, 6 NY3d 248, 255; People v Ricottilli, 235 AD3d 1013, 1014).

DUFFY, J.P., CHAMBERS, FORD, TAYLOR and MCCORMACK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court