People v Hargrove (2025 NY Slip Op 05819)

People v Hargrove

2025 NY Slip Op 05819

Decided on October 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2022-05994
 (Ind. No. 71145/21)

[*1]The People of the State of New York, respondent,
v
Savion Hargrove, appellant.

Patricia Pazner, New York, NY (Sarah B. Cohen of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Ann Bordley of counsel; Darci Wen Siegal on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Laura R. Johnson, J.), rendered July 22, 2022, convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant entered a plea of guilty to attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03[3]) and was sentenced to a determinate term of imprisonment of two years, to be followed by two years of postrelease supervision, pursuant to a plea agreement.
Contrary to the defendant's contention, the record demonstrates that the defendant knowingly, intelligently, and voluntarily waived his right to appeal (see People v Lopez, 6 NY3d 248, 254). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that his conviction was rendered unconstitutional by the decision of the United States Supreme Court in New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1) (see People v Johnson, 225 AD3d 453, 453-455, lv granted 42 NY3d 939). The defendant's valid waiver of his right to appeal also precludes appellate review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d at 255-256).
CONNOLLY, J.P., FORD, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court