People v Williams (2025 NY Slip Op 06875)

People v Williams

2025 NY Slip Op 06875

Decided on December 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
LOURDES M. VENTURA, JJ.

2022-09209
 (Ind. No. 2020/20)

[*1]The People of the State of New York, respondent,
vMichael Williams, appellant. Patricia Pazner, New York, NY (Denise A. Corsi of counsel), for appellant.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Sawyer White of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Heidi Cesare, J.), rendered October 19, 2022, convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by vacating the imposition of a mandatory surcharge and fees; as so modified, the judgment is affirmed.
Contrary to the defendant's contention, under the totality of the circumstances, the record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545). "Although much of the discussion of the waiver of the right to appeal took place after the defendant had admitted his guilt, the appeal waiver was mentioned as being a condition of the plea bargain prior to the defendant's plea of guilty and admission of guilt" (People v Sobers, 235 AD3d 908, 909). "Thus, it cannot be said that the defendant received no material benefit from his appeal waiver or that the appeal waiver was a gratuitous, after-the-fact additional demand asserted after the bargain had already been struck" (id. [internal quotation marks omitted]). Moreover, contrary to the defendant's contention, the Supreme Court adequately explained, and the defendant acknowledged that he understood, the nature of the right to appeal and the consequences of waiving that right, and the court did not mischaracterize the nature or scope of the appeal waiver. The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d 248, 255-256).
"Criminal Procedure Law § 420.35(2-a) permits the waiver of surcharges and fees for individuals, like the defendant, who were less than 21 years old at the time of the subject crime" (People v Dillon H., 229 AD3d 722, 723 [internal quotation marks omitted]). Pursuant to the exercise of our interest of justice jurisdiction, and as consented to by the People, we modify the judgment by vacating the mandatory surcharge and fees imposed upon the defendant at sentencing (see CPL 420.35[2-a][c]; People v Dillon H., 229 AD3d at 723).
GENOVESI, J.P., CHRISTOPHER, WAN and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court