People v Futrell (2026 NY Slip Op 00149)

People v Futrell

2026 NY Slip Op 00149

Decided on January 14, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 14, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
JAMES P. MCCORMACK, JJ.

2023-04066

[*1]The People of the State of New York, respondent,
vDaeshon Futrell, appellant. (S.C.I. No. 70081/23)

Margaret W. Walker, Poughkeepsie, NY (Lauren A. Jaeb of counsel), for appellant.
Anthony P. Parisi, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered March 24, 2023, convicting him of assault in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, his waiver of the right to appeal was valid. Although much of the discussion of the waiver of the right to appeal took place after the defendant had admitted his guilt, the defendant twice acknowledged that an appeal waiver was a condition of the plea agreement prior to his plea of guilty and admission of guilt. Thus, it cannot be said that the defendant "received no material benefit from his appeal waiver," or that the appeal waiver "was a gratuitous, after-the-fact additional demand asserted after the bargain had already been struck" (People v Sutton, 184 AD3d 236, 245; see People v Sobers, 235 AD3d 908, 909; People v Victor, 235 AD3d 783, 784; People v White, 234 AD3d 884, 885). Under the totality of the circumstances, including the thorough explanation of the right to appeal provided to the defendant and the defendant's age, experience, and background, the waiver was knowing, voluntary, and intelligent (see People v Sobers, 235 AD3d at 909; People v Victor, 235 AD3d at 784; People v White, 234 AD3d at 885).
The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d 248, 255-256).
IANNACCI, J.P., WOOTEN, DOWLING and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court