People v Doctor (2026 NY Slip Op 00474)

People v Doctor

2026 NY Slip Op 00474

Decided on February 03, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 03, 2026

Before: Webber, J.P., Kennedy, Mendez, Rodriguez, Michael, JJ. 

Ind. No. 539/18|Appeal No. 5728|Case No. 2020-03818|

[*1]The People of the State of New York, Respondent,
vJalen Doctor, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Paris Deyoung of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (David E.A. Crowley of counsel), for respondent.

Judgment, Supreme Court, New York County (Ellen N. Biben, J.), rendered September 3, 2020, convicting defendant, upon his plea of guilty, of rape in the first degree, and sentencing him to a term of 7 years, to be followed by 10 years of postrelease supervision, unanimously modified, as a matter discretion in the interest of justice, to the extent of vacating the surcharge and fees imposed at sentencing, and otherwise affirmed.
Defendant's appeal waiver was invalid because the court did not explain that defendant's appellate rights were "separate and distinct" from the rights automatically forfeited by his guilty plea (People v Lopez, 6 NY3d 248, 256 [2006]); "inform defendant that he would normally have the right to appeal his case to this Court" (People v Orenstein, 230 AD3d 1068, 1069 [1st Dept 2024], lv denied 42 NY3d 1054 [2024]); or "explain that a waiver of the right to appeal is not an absolute bar to direct appeal and that some issues are nonwaivable" (People v Cisse, 228 AD3d 440, 441 [1st Dept 2024], lv denied 42 NY3d 1079 [2025]). In addition, the court's remarks implied that defendant could appeal only if he was convicted after trial, and "defendant, [who] had no prior [] convictions, might not understand that the right to appeal is not limited to review of trial errors" (People v Colon, 219 AD3d 1256 [1st Dept 2023]). "The detailed written waiver that defendant executed with counsel cannot save the numerous errors in the court's oral colloquy, as a written waiver is not a complete substitute for an on-the-record explanation" (People v Bonilla, 211 AD3d 614, 615 [1st Dept 2022] [internal quotation marks omitted]).
We perceive no basis for reducing the sentence. However, based on our own interest of justice powers, we vacate the surcharge and fees imposed on defendant at sentencing (see People v. Chirinos, 190 AD3d 434, 435 [1st Dept 2021]). We note that the People do not oppose this relief.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 3, 2026