People v Bassono (2026 NY Slip Op 00907)

People v Bassono

2026 NY Slip Op 00907

Decided on February 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
CARL J. LANDICINO
SUSAN QUIRK, JJ.

2023-02956
 (Ind. No. 70564/22)

[*1]The People of the State of New York, respondent,
vDarus S. Bassono, appellant.

Patricia Pazner, New York, NY (Anders Nelson of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Nancy Fitzpatrick Talcott of counsel; Christopher Aranda on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (John F. Zoll, J.), rendered December 13, 2022, convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by vacating the imposition of a mandatory surcharge and fees; as so modified, the judgment is affirmed.
Contrary to the People's contention, the record does not demonstrate that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Lopez, 6 NY3d 248, 256). The Supreme Court did not mention the appeal waiver as part of the plea agreement being offered to the defendant before the agreement was reached, and it was not until after the defendant had already admitted his guilt that the court discussed the waiver with the defendant (see People v Hopkins, 227 AD3d 734; People v Smith, 224 AD3d 785). Moreover, the court informed the defendant that he was not forfeiting his right to challenge whether or not the sentence was lawful but made no distinction between the legality and the excessiveness of the sentence (see People v Risco, 165 AD3d 703, 704). Although the defendant executed a written appeal waiver form, the court failed to confirm that the defendant understood the content of the written waiver or discussed the form with counsel (see People v Hopkins, 227 AD3d at 734; People v Risco, 165 AD3d at 704). Thus, the purported waiver does not preclude appellate review of the defendant's contention that the mandatory surcharge and fees imposed at sentencing should be waived pursuant to CPL 420.35(2-a).
Criminal Procedure Law § 420.35(2-a) permits the waiver of surcharges and fees for individuals, such as the defendant, who were less than 21 years old at the time of the crime (see People v Cabrera, 222 AD3d 878, 879). Pursuant to the exercise of our interest of justice jurisdiction, we modify the judgment by vacating the mandatory surcharge and fees imposed upon the defendant at sentencing (see CPL 420.35[2-a][c]; People v Aiken, 244 AD3d 994).
GENOVESI, J.P., FORD, LANDICINO and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court