People v Archibald (2026 NY Slip Op 01374)

People v Archibald

2026 NY Slip Op 01374

Decided on March 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
WILLIAM G. FORD
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2022-06303
2022-06306

[*1]The People of the State of New York, respondent,
vKelan Archibald, appellant. (Ind. Nos. 73240/21, 74115/21)

Patricia Pazner, New York, NY (Erica Horwitz of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jean M. Joyce, and Ann Bordley of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Kings County (Raymond L. Rodriguez, J.), both rendered July 25, 2022, convicting him of attempted criminal possession of a weapon in the second degree under Indictment No. 73240/21, and criminal possession of a firearm under Indictment No. 74115/21, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are modified, on the law and as a matter of discretion in the interest of justice, by vacating the imposition of mandatory surcharges and fees; as so modified, the judgments are affirmed.
The defendant, who was 19 years of age at the time, was arrested on two separate occasions for possession of a loaded weapon. He was indicted separately for each occasion. He entered a plea of guilty to attempted criminal possession of a weapon in the second degree on the first indictment and to criminal possession of a firearm on the second indictment, and was sentenced in accordance with the plea agreement.
Contrary to the defendant's contention, the record demonstrates that he knowingly, intelligently, and voluntarily waived his right to appeal (see People v Lopez, 6 NY3d 248, 254). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see id. at 255-256).
The defendant's constitutional challenge to the State's firearm licensing scheme in light of New York State Rifle & Pistol Assn,, Inc. v Bruen (597 US 1) is not precluded by his valid appeal waiver (see People v Johnson, __NY3d__, __, 2025 NY Slip Op 06528, *3). However, as the defendant failed to raise the constitutional challenge before the Supreme Court, it is unpreserved for appellate review (see CPL 470.05[2]; People v Cabrera, 41 NY3d 35, 42-51). In any event, the contention is without merit (see People v Johnson, __NY3d__, 2025 NY Slip Op 06528).
Under the circumstances of this case, and in view of the People's position that they do not oppose the waiver of surcharges and fees, we modify the judgments by vacating the [*2]mandatory surcharges and fees imposed on the defendant at sentencing (see CPL 420.35[2-a][c]; People v Jackson, 225 AD3d 712, 712).
BRATHWAITE NELSON, J.P., FORD, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court