People v Henderson (2026 NY Slip Op 01649)

People v Henderson

2026 NY Slip Op 01649

Decided on March 20, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., BANNISTER, SMITH, OGDEN, AND DELCONTE, JJ.

64 KA 24-00666

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
vLESLIE HENDERSON, DEFENDANT-APPELLANT. 

ADAM AMIRAULT, BUFFALO, FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (ELISABETH DANNAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Theodore H. Limpert, J.), rendered April 5, 2024. The judgment convicted defendant upon a plea of guilty of attempted murder in the second degree (two counts), kidnapping in the second degree (three counts), criminal possession of a weapon in the second degree and reckless endangerment in the first degree (four counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a guilty plea of two counts of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), three counts of kidnapping in the second degree (§ 135.20), one count of criminal possession of a weapon in the second degree (§ 265.03 [3]), and four counts of reckless endangerment in the first degree (§ 120.25).
Initially, we agree with defendant that his waiver of the right to appeal is invalid. County Court's oral colloquy failed to inform defendant that he would ordinarily retain the right to appeal and that the waiver of his right to appeal was separate and distinct from his guilty plea (see People v Lopez, 6 NY3d 248, 256 [2006]; see generally People v Thomas, 34 NY3d 545, 565-566 [2019], cert denied 589 US 1302 [2020]). Although the written waiver appropriately characterized the scope of the appellate rights waived, "the court failed to confirm that [defendant] understood the contents of the written waiver[ ]" (Thomas, 34 NY3d at 566). We are therefore not precluded from reviewing defendant's challenge to the severity of his sentence.
Nevertheless, we reject defendant's contention that the sentence is unduly harsh and severe.
Entered: March 20, 2026
Ann Dillon Flynn
Clerk of the Court