People v Colter (2026 NY Slip Op 01800)

People v Colter

2026 NY Slip Op 01800

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
LILLIAN WAN
PHILLIP HOM, JJ.

2023-04705
 (Ind. No. 70946/22)

[*1]The People of the State of New York, respondent,
vBrian Colter, appellant.

Patricia Pazner, New York, NY (Anna Jouravleva of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jean M. Joyce, and Isaac Rounseville of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Raymond L. Rodriguez, J.), rendered May 1, 2023, convicting her of attempted burglary in the third degree and criminal trespass in the second degree, upon her plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived her right to appeal (see People v Thomas, 34 NY3d 545; People v Lopez, 6 NY3d 248). Contrary to the defendant's contention, the Supreme Court did not improperly suggest that by waiving her right to appeal, the defendant was waiving her right to assigned appellate counsel in the event she was indigent (see People v Hendricks, 224 AD3d 705, 706). Furthermore, the record of the plea proceeding demonstrates that the defendant received an explanation of the nature of the right to appeal and the consequences of waiving that right (see People v Ayala, 172 AD3d 1085, 1086; People v Batista, 167 AD3d 69, 73-74). Additionally, the defendant acknowledged signing the written waiver form, and answered that she discussed it with her attorney before she signed it and that she understood all those discussions (see People v Batista, 167 AD3d at 74).
While the defendant's valid waiver of her right to appeal does not preclude appellate review of her contention that New York's second felony offender statutes are facially unconstitutional (see People v Johnson, ___ NY3d ___, 2025 NY Slip Op 06528; People v Smith, 244 AD3d 1144), that contention is unpreserved for appellate review (see CPL 470.05[2]; People v Hernandez, 43 NY3d 591, 597; People v Munoz, 237 AD3d 1110, 1111), and we decline to reach it in the exercise of our interest of justice jurisdiction (see People v Munoz, 237 AD3d at 1111).
The defendant's valid waiver of her right to appeal precludes appellate review of her contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d 248, 255).
DILLON, J.P., BRATHWAITE NELSON, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court