People v Rose

2026 NY Slip Op 02854

May 6, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,

v

Sarrueche Rose, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 6, 2026

2023-11798, (Ind. No. 72906/22)

Angela G. Iannacci, J.P.

Paul Wooten

Lillian Wan

Donna-Marie E. Golia

Lisa S. Ottley, JJ.

Patricia Pazner, New York, NY (Joshua M. Levine of counsel), for appellant.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Keith Dolan of counsel; Hannah Thomas on the memorandum), for respondent.

[*1]

DECISION & ORDER

Appeal by the defendant, as limited by her motion, from a sentence of the Supreme Court, Kings County (Niki Warin, J.), imposed November 29, 2023, upon her plea of guilty, on the ground that the period of postrelease supervision imposed as part of the sentence was excessive.

ORDERED that the sentence is affirmed.

The record demonstrates that the defendant validly waived her right to appeal (see People v Thomas, 34 NY3d 545; People v Lopez, 6 NY3d 248). Although it would have been better practice for the Supreme Court to discuss with the defendant the waiver of her appellate rights before obtaining an admission of guilt (see People v Mejia, 246 AD3d 828, 828; People v White, 234 AD3d 884, 884), the record reflects that the defendant was made aware of the People's demand for an appeal waiver before she pleaded guilty. Further, the court confirmed that the defendant had discussed the appeal waiver with her attorney. Under the totality of the circumstances, including the explanation of the right to appeal provided to the defendant, the record reflects that the defendant had a full appreciation of the terms and consequences of her appeal waiver and that the waiver was knowing, voluntary, and intelligent (see People v Bradshaw, 18 NY3d 257, 264; People v Felipe, 236 AD3d 920, 921).

The defendant's valid waiver of her right to appeal precludes appellate review of her contention that the period of postrelease supervision imposed as part of the sentence was excessive (see People v Lopez, 6 NY3d at 255).

IANNACCI, J.P., WOOTEN, WAN, GOLIA and OTTLEY, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court