People v DiBrango
2026 NY Slip Op 04090
June 26, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MARKUS J. DIBRANGO, DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 26, 2026
428 KA 23-01795
Present: Whalen, P.J., Bannister, Greenwood, Nowak, And Hannah, JJ.

ADAM AMIRAULT, BUFFALO, FOR DEFENDANT-APPELLANT.
TODD C. CARVILLE, DISTRICT ATTORNEY, UTICA (MICHAEL A. LABELLA OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered November 1, 2022. The judgment convicted defendant upon a plea of guilty of criminal possession of a weapon in the second degree.
[*1]
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his guilty plea of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]). Contrary to defendant's contention, County Court did not abuse its discretion in denying his motion to withdraw his plea (see People v Hoose, 236 AD3d 1294, 1294 [4th Dept 2025], lv denied 44 NY3d 993 [2025]). "[A] court does not abuse its discretion in denying a motion to withdraw a guilty plea where the defendant's allegations in support of the motion are belied by the defendant's statements during the plea proceeding" (id. [internal quotation marks omitted]; see People v Fox, 204 AD3d 1452, 1453 [4th Dept 2022], lv denied 39 NY3d 940 [2022]).
We agree with defendant that his waiver of the right to appeal is invalid inasmuch as the court's oral colloquy failed to inform defendant that he would ordinarily retain the right to appeal and that the waiver of his right to appeal was separate and distinct from his guilty plea (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Henderson, 247 AD3d 1495, 1496 [4th Dept 2026]; see generally People v Thomas, 34 NY3d 545, 565-566 [2019], cert denied 589 US 1302 [2020]). We nonetheless conclude that the sentence is not unduly harsh or severe.
We have considered defendant's remaining contention and conclude that it does not warrant reversal or modification of the judgment.
Entered: June 26, 2026
Ann Dillon Flynn
Clerk of the Court